## ROGERS *v.* PETTIGREW.

An attorney who compromises his client's case against the latter's express direction is not entitled to any compensation.

AUGUST 15, 1912.

Lien foreclosure.   Before Judge Jones.   Gwinnett superior court.   April 29, 1911.

*Alonzo Field,* for plaintiff in error.

*J. A. Perry* and *C. L. Pettigrew,* contra.

EVANS, P. J.   The point in the case is whether an attorney is entitled to collect his fee by foreclosure of his lien under these facts:   The client was the administratrix of an estate, and employed the attorney to enjoin the enforcement of certain fi. fas., because of alleged illegalities, against the estate, and to cancel the sale of 250 acres of land made under these fi. fas.   The case was stubbornly litigated through several years.   On the last trial, while the jury were deliberating on the case, a compromise agreement was reached by the attorneys, whereby the title to 100 acres of the land was confirmed in the purchaser (who was the transferee of the fi. fa.), and the remainder of the tract (150 acres) was declared to be the property of the estate of the defendant in fi. fa., free of lien.   A verdict was taken and a decree was entered according to the agreement.   The client promptly disaffirmed the compromise settlement, and moved the court to vacate it.   The motion was denied.   The attorney then filed his petition to foreclose his lien for fees upon the 150 acres of land awarded in the decree to his client.   She resisted the foreclosure, on the ground that the settlement was made by her attorney against her express instructions.   On the trial the attorney testified that there had been several propositions of settlement made by the holder of the fi. fas., submitted to his client, all of which were refused.   About twelve months before the compromise settlement the client told the attorney not to compromise the case.   The compromise settlement was made pending the last trial, after the case had been submitted to the jury.   The attorney had informed his client that she could go to her home, which was in the country, and that he expected to win her case.   After his client left he became apprehensive of a mistrial, or an adverse verdict, or his ability to sustain a favorable verdict, inasmuch as the issues of law and fact were both doubtful.

Overtures for a settlement between the attorneys culminated in the compromise settlement which was expressed in the consent verdict. He acted in the best of faith for the interest of his client, and believed that he made a good settlement of her case. The client testified that she had repeatedly informed her attorney that she would not make any compromise settlement; and that she left the court-room, after the case was submitted to the jury, upon the assurance of her attorney that her presence was no longer necessary and that he was confident of winning her case. Other evidence related to the value of the services and the good faith of the attorney. The court instructed the jury that if the attorney in making the compromise settlement acted contrary to express instructions of his client, he was not entitled to recover his fees. The jury found for the attorney. In her motion for new trial the client contends that the verdict is contrary to the charge of the court, and without evidence to support it.

The validity of the judgment based on the compromise settlement had been adjudicated adversely to the client, but the issue in that case did not include the right of the attorney to collect his fee if he settled the case against the client's express instructions. The authorities differ as to the power of an attorney to compromise his client's case without special authority. Weeks on Attorneys, § 228. The prevailing opinion of the English courts is that an attorney has power to make bona fide compromises of his client's case; but it has been held by the Court of Queen's Bench that if the attorney enters into a compromise against the express direction of his client, he is liable in an action of damages, and it is no defense that associate counsel advised the settlement. Fray v. Vowles, 1 El. & E., 5 Jur. N. S. 1253. A litigant has the right to insist that his case be adjudicated according to the established rules of law and procedure. When he instructs his attorney not to compromise his case, the attorney is bound by such instructions, and is not at liberty to violate them, even though the attorney honestly believes a compromise settlement would be to the best interest of his client. If he violates his instruction in this respect, he forfeits all right to compensation. Says Simmons, J., in *Larey* v. *Baker,* 86 *Ga.* 468, 475 (12 S. E. 684): "We think the law is that where an agent or attorney is unfaithful to his trust, or violates his instructions, he is not entitled to any compensation."

34

We do not think there is any serious conflict between the attorney and his client. Both agree that the client had firmly set her mind against a compromise of her suit, and that the attorney was directed not to compromise it. The attorney's testimony is that this instruction was twelve months prior to the actual compromise. The interval of time does not serve to revoke the instruction, especially as the client neither said nor did anything which would imply a change of instruction. We are satisfied that the attorney, in the compromise settlement, was actuated by the best of motives to efficiently serve his client, but his zeal and desire to recover something for his client is no excuse for violating her positive instructions.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*