33828. BROWN & HUSEBY, INC. v. CHRIETZBERG.

Jordan, Justice.

The appellant, court reporters, sued the appellee, an attorney, for services rendered in making or furnishing copies of depositions in four cases. After a trial by a jury the judge directed a verdict for the appellee, and the appeal is from this direction of verdict and the judgment entered thereon.

The appeal was transferred to this court by the Court of Appeals because of the question made as to the constitutionality of a rule of the State Bar of Georgia.

The appellee in his answer alleged that he acted in the capacity of an agent of principals well known to the appellant, and that as an attorney he is prohibited by law from assuming or paying the debts or expenses of litigation of his clients.

In an amendment to its complaint the appellant alleged that Rule DR5-103 of the State Bar of Georgia (the identical language of the rule then in effect is found in 238 Ga., at page 785) provides that an attorney may guarantee the expenses of litigation, and that the appellee did guarantee to it that the deposition costs claimed would be paid; but that, if the court applies Rule DR5-103 to the facts of the case and rules that the appellant is unable to collect from the appellee the sums due, then Rule DR5-103 is unconstitutional as a denial to the appellant of due process of law under the state and federal Constitutions.

The trial judge, in his order directing a verdict for the appellee, found that Rule DR5-103 is not unconstitutional.

1. Rule DR5-103 (b) of the State Bar of Georgia provides: "While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client, except that a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses."

Under this rule an attorney may obligate himself to advance the cost of obtaining depositions, provided the client remains ultimately liable for such expenses. However, this rule is concerned with the attorney-client relationship, and not with the liability of the attorney to other parties. There is no merit in the appellee's contention that the appellant would be estopped to collect from an attorney an amount which the attorney may not ethically be liable for ultimately. It is not the appellant's concern whether the appellee collects from his clients the amounts advanced for them.

Since State Bar Rule DR5-103 (B) does not have the effect of denying recovery by the appellant, it is not unconstitutional as urged by the appellant.

2. The appellee states in his brief that he introduced evidence to show that he had not violated the law of champertous contracts in regard to his clients in the cases in which the depositions were taken. Code § 20-504, as

amended, designates a contract of champerty as one that is against the policy of the law and cannot be enforced.

Champerty is defined "as a bargain by a champertor with a plaintiff or defendant for a portion of the matter involved in a suit in case of a successful termination of the action, which the champertor undertakes to maintain or carry on at his own expense." 14 AmJur2d 843, Champerty and Maintenance, § 3. Such a contract is unenforceable between the parties. *Sapp v. Davids,* 176 Ga. 265 (168 SE 62) (1932).

Evidence that the appellee did not have champertous contracts with his clients was irrelevant in the present case. The appellant's right to enforce its alleged contract with the appellee to advance the expense of these depositions does not depend on the enforceability of the contract of the appellee with his clients.

3. Code § 4-406 provides: "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case."

"An agent may expressly contract on his own credit, and be bound, even though his principal be known." *Phinizy v. Bush,* 129 Ga. 479 (9) (59 SE 259) (1907). Ordinarily it is a question of fact for a jury under the circumstances of each case whether credit is expressly given to the agent. *Chambliss v. Hall,* 113 Ga. App. 96, 99-100 (147 SE2d 334) (1966); *Dinkler Mgt. Corp. v. Stein,* 115 Ga. App. 586, 590 (155 SE2d 442) (1967).

The appellant sued to recover the cost of a copy of depositions in four cases. The appellee admitted that he had ordered a copy in three of the four cases. It was a jury question under all the evidence whether credit was expressly given to the appellee as agent for his clients on the contracts to furnish copies of depositions. The trial judge erred in directing a verdict for the appellee.

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Bowles, J., who concur in the judgment only.*

ARGUED JULY 12, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Bailey & Stevens, Ronald S. Stevens,* for appellant.
*Timothy A. Siler, Lawrence C. Chrietzberg,* for appellee.