### 37610. AUGUSTINE v. CLIFTON.

WELTNER, Justice.

The appellant represented a criminal defendant as privately retained counsel through the imposition of sentence, and thereafter withdrew. Substitute counsel requested a copy of the transcript, which was denied, and thereafter filed a motion for new trial and a motion to proceed *in forma pauperis.* The trial court granted the latter motion, and at the same time directed the appellant to pay a substantial sum to the court reporter for the cost of preparing the transcript. Appellant filed a motion for reconsideration, which was denied, and appealed.

Although a court has power "[t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected

with a judicial proceeding before it, . . ." Code Ann. § 24-104, it has no authority, by *in personam* order, to compel the payment of private contractual obligations incurred by an attorney for court reporting services.[1] See *Brown & Huseby, Inc. v. Chrietzberg*, 242 Ga. 232, 234 (248 SE2d 631) (1978).

The order is therefore beyond the power of the trial court. *Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 25, 1981.

*Henry & Marshall, J. Hue Henry, Augustine & Hazleton, Edward E. Augustine,* for appellant.

*Fleming, Blanchard & Thompson, Jim Blanchard, Jr.,* amicus curiae.

*Joseph H. Briley, District Attorney,* for appellee.

---

[1] "Though the court may possess jurisdiction of a cause, of the subject-matter, and of the parties, it is still limited in its modes of procedure, and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law. If, for instance, the action be upon a money demand, the court, notwithstanding its complete jurisdiction over the subject and parties, has no power to pass judgment of imprisonment in the penitentiary upon the defendant." Windsor v. McVeigh, 93 U. S. 274, 282 (1876).