A97A1875. STACEY et al. v. JONES.
(495 SE2d 665)

BIRDSONG, Presiding Judge.

The estate of Carl Robert Stacey, Jr., and Robert Mark Brittain, in his capacity as Temporary Administrator of the estate of Carl Robert Stacey, Jr., appeal the trial court's grant of partial summary judgment to Martha Jane Jones and also appeal the denial of their motion for summary judgment seeking enforcement of a purported settlement. The case arose from an automobile accident involving the parties in which Jones was severely injured and Stacey was killed. The issues in this appeal concern whether the parties reached a settlement agreement and, if so, whether the agreement should be enforced.

Before suit was filed, Jones' attorney on January 9, 1996, sent a demand letter to Stacey's insurer offering to compromise. The letter stated: "I am now in a position to state the demand of my clients, Mrs. Martha J. Jones and W. L. Jones. Please note that this demand is contingent upon Mr. Stacey's policy limits with Southern General being Fifteen Thousand Dollars ($15,000.00), and that there is no other applicable insurance available in this instance." The letter further stated, "While we presently state no separate consortium demand for Mr. Jones, his tribulations also underscore that your insured's policy limits are required in this instance." The letter closed by stating "Accordingly, Mr. and Mrs. Jones demand Mr. Stacey's policy limits of Fifteen Thousand Dollars ($15,000.00) at this time" and including a proviso the demand was only open for acceptance until 5:00 p.m., Tuesday, January 23, 1996. This time period was later extended until January 31, 1996.

The insurer responded by FAX on January 31, 1996: "This will confirm that we are tendering our insured's policy limits of $15,000 in settlement of Mrs. Jones' bodily injury claim." Later, on March 1, 1996, another attorney in the firm representing Jones sent a letter to the insurer stating, "Mrs. Martha Jane Jones hereby accepts your offer in the referenced matter as stated in your letter of January 31, 1996. Please forward the necessary draft and release immediately to consummate this settlement agreement." Then on March 6, 1996, the

attorney representing Jones sent the following letter by FAX to Southern General: "Since my fax letter to you on Friday, March 1, 1996, a copy of which is enclosed, I have received no settlement draft and release or other communication from you. This is to advise Southern General Insurance Company that unless a settlement draft and release are received in my office by 5:00 p.m., March 8, 1996, I will understand that Southern General Insurance Company does not intend to consummate the settlement effected by your letter of January 31, 1996 and my letter of March 1, 1996, and Martha Jane Jones will proceed to prosecute her bodily injury claim against your insured(s) in court. If you have any questions, please contact me."

Although Southern General sent a check within the time demanded by this letter, Jones' attorney found the check unacceptable because the check was made payable to the attorney, Mrs. Jones, and Mr. Jones. Further, no release was forwarded with the check. Consequently, by letter dated March 8, 1996, Jones' attorney notified Southern General that Jones considered the settlement agreement breached because the settlement was not consummated as specified by the letter of March 6, 1996. Southern General responded to this letter on March 13, 1996, by stating, "our failure to include the release with this check was a clerical error, as was the mis-wording of the payee on the settlement check. We are enclosing our check and release in the amount of $15,000 as agreed, made payable to you and your client."

Mrs. Jones' attorney returned the check and release to Southern General on March 18, 1996. Although the release was apparently unobjectionable, the check was incomplete as the amount of the check was not written in the space provided. Further, the letter returning the check advised Southern General that Mrs. Jones had decided to proceed with suit against the insured and accusing Southern General of failing to act in good faith in attempting a settlement.

After Mrs. Jones filed suit against the insured's estate and a motion to enforce the settlement was denied, Jones' motion for partial summary judgment was granted. This appeal followed. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). Further, when reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432); *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1)

(392 SE2d 535).

2. "Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense. Further, the compromise of a dispute is binding on the parties. The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract. Where parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation." (Citation and punctuation omitted.) *Southern Medical Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 291 (454 SE2d 180).

"Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The settlement agreement alleged to have been created in the case sub judice would have been the product of the attorneys for the parties. As the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." (Citations, punctuation, and emphasis omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 696-697 (446 SE2d 199).

Considering the foregoing legal principles in light of the evidence as contained in the letters between the parties, it is apparent from the exchange of correspondence that a binding agreement was reached to settle Mrs. Jones' claim for $15,000. Although Jones seeks to rely on the insurer's seeming inability to get the draft and the release correct, this focus is misplaced. Nothing in the agreement reached between the parties specified that either the check or release would be submitted by a date and time certain or that time was of the essence. See OCGA § 13-4-20. Accordingly, the failure to comply with the separate demands of Jones' counsel to forward the check and release by a certain time and date was not grounds to rescind the settlement. Therefore the trial court erred by denying the motion to enforce the settlement agreement and the order denying summary

judgment must be reversed.

3. In view of our decision regarding the motion to enforce the settlement in Division 2, it follows that the trial court erred by granting partial summary judgment to Jones.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED JANUARY 16, 1998

*Long, Weinberg, Ansley & Wheeler, Arnold E. Gardner, Kari A. Mercer, Dennis J. Webb, Jr.,* for appellants.

*Law Offices of E. Wycliffe Orr, E. Wycliffe Orr, Maureen S. Connor,* for appellee.