A99A1188. HALDI et al. v. WATSON.
(522 SE2d 696)

SMITH, Judge.

Glenville Haldi, an attorney, and his professional corporation, Glenville Haldi, P.C. (collectively "Haldi"), brought suit against William Watson, M.D., a former client, for payment for legal services. The complaint alleged claims for breach of contract and quantum meruit. Watson answered and moved for summary judgment. The trial court granted Watson's motion, and Haldi appeals. We find no merit in Haldi's contentions on appeal, and we affirm.

The record shows that Watson retained Haldi to represent him in a dispute with his former partners and that Haldi filed suit on behalf of Watson. Haldi and Watson agreed that Haldi's fee would consist of a retainer of $15,000 plus a contingency fee of one-third of any amount recovered by way of settlement and/or judgment. They also agreed that the $15,000 retainer would be deducted from any recovery, making Haldi's fee "in essence . . . either $15,000 or one-third of any amount of recovery, whichever is the greater sum." This agreement was memorialized in a letter to Watson. Watson paid Haldi the $15,000 retainer. Before trial, Watson discharged Haldi and retained other counsel. The case was subsequently tried, and Watson recovered nothing.

1. We agree with the trial court that under the clear terms of the

contract, Haldi may not recover because Watson has paid all sums due under the contract. The contract provided that Haldi was to be paid the greater of $15,000 or one-third of the amount recovered. Watson paid Haldi $15,000, and he "recovered" nothing. The contract terms were satisfied.

2. Relying on *Yetman v. Greer, Klosik & Daugherty*, 225 Ga. App. 397 (483 SE2d 878) (1997), Haldi contends that even if he cannot recover an additional sum under the contract, he may do so under a theory of quantum meruit.

> It has been pretty generally held in those States where a client is permitted to discharge his attorney with or without cause, even where the attorney has a contingent fee, that nevertheless, before this can be done, it must be not only by consent of the court on a proper proceeding for that purpose, but also with a proviso that the client either pays to the attorney, or secures to him the fees he has already earned and to which he is rightfully entitled. The discharge of the attorney by the client does not defeat the attorney's right to be paid; the right to receive compensation comes, not under the contract of employment which is at an end, but under quantum meruit which is protected by the attorney's lien statute.

(Citations and punctuation omitted.) Id. at 399 (1).

It is true, as argued by Watson, that an express and an implied contract for the same thing cannot exist at the same time between the same parties. *Gilbert v. Edmonson*, 193 Ga. App. 593, 594 (1) (388 SE2d 713) (1989). But in this case, unlike *Gilbert*, the contract did not include post-termination provisions. And when the parties have not expressly agreed, "the law interposes and raises a promise." (Citations and punctuation omitted.) Id. A recovery under quantum meruit is theoretically possible here.

The trial court recognized Haldi's theoretical right to recover the value of his services. But the trial court also recognized the distinction between the situation in *Yetman* and that here. In *Yetman*, unlike this case, the attorney tried the client's case and procured a verdict and judgment for the client, which were upheld on appeal. Although the contingent fee contract provided that the attorney fee would be a portion of the recovery, and the client did not recover on the judgment in that case, the favorable judgment "led directly to favorable settlements." Id. at 400 (1). We held in *Yetman*, therefore, that the attorney was entitled to a reasonable fee for his services rendered under a theory of quantum meruit.

Unlike the client in *Yetman*, Watson recovered nothing, and the

value of Haldi's services must be measured by their worth to Watson. If the services have no value to the client, the client has no obligation to pay for them. Id. Otherwise, as the trial court noted, the anomalous result would be that attorneys would be in a better position with regard to their fee than if the contract had not been terminated. Haldi's speculation that a recovery might have resulted had he not been terminated is just that — mere speculation. The trial court correctly ruled that Haldi could not recover in this case under quantum meruit.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 20, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999 — 

*Glenville Haldi,* pro se.
*Tisinger, Tisinger, Vance & Greer, David H. Tisinger, Richard G. Tisinger, Jr.,* for appellee.