A03A2294. BETHA et al. v. EBANKS et al.
(589 SE2d 831)

ANDREWS, Presiding Judge.

Hure Betha sued Dr. Carley Ebanks for medical malpractice after Betha suffered a severe allergic reaction to medication while being treated for colitis. The case went to trial and the jury returned a defense verdict. Betha appeals, claiming there were several errors in the charge to the jury. For reasons which follow, we conclude there was no reversible error and affirm.

1. In his first enumeration of error, Betha claims the trial court erred in giving a "hindsight" charge. The court charged the jury that,

> [a] physician cannot be found to have committed medical malpractice on the basis of an assessment of a patient's condition which later or in hindsight proves to be incorrect, as long as the initial assessment was made in accordance with the then reasonable standard of medical care. In other words, the concept of medical malpractice does not encompass hindsight, but in failing to foresee and guard against that which is probable and likely to happen, not against that which is only remotely or slightly possible.

This charge is authorized in a medical malpractice case "where the evidence raises an issue as to whether the negligence claim is based on later acquired knowledge or information not known or reasonably available to the defendant physician at the time the medical care was rendered." (Punctuation and footnote omitted.) *Mercker v. Abend*, 260 Ga. App. 836, 839 (581 SE2d 351) (2003). In cases such as the instant one, where it is disputed as to what the attending physician knew or should have known at the time of treatment, the hindsight charge is authorized. Id. at 840; *Horton v. Eaton*, 215 Ga. App. 803, 807 (452 SE2d 541) (1994). Compare *Kapsch v. Stowers*, 209 Ga. App. 767 (434 SE2d 539) (1993) (expert testimony was undisputed

that trauma to brachial plexus occurred while plaintiff was on operating table and therefore hindsight charge was not warranted).

In this case, what Dr. Ebanks knew or should have known while treating Betha was hotly disputed and there was conflicting expert testimony on this issue. Accordingly, the trial court did not err in giving the hindsight charge.

2. Next, Betha claims the court erred in giving the "results of treatment" charge. This charge stated: "A physician does not guarantee the results of treatment. Proof that the outcome of medical care was different from what was expected neither establishes nor supports the inference of a lack of proper care, skill or diligence on the part of a physician."

Betha argues that this charge was defective because it fails to further instruct the jury that "a physician can nonetheless be held liable for the consequences of his negligent treatment." Betha cites to no authority on point in support of this claim and we find none. Further, the jury was charged at length immediately preceding this portion of the charge on a defendant doctor's liability for negligent treatment.

"The charge of the court must be viewed as a whole. If, taken as a whole, the charge of the court covers the issues presented fairly and accurately, no error will be presumed from minute inspection of individual words or phrases. After reviewing the charge given by the court, we find that the whole charge covered fairly all issues and contentions of both sides." (Citation and punctuation omitted.) *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 636-637 (512 SE2d 34) (1999).

3. In his next enumeration, Betha argues the court erred in giving the following charge:

Expert testimony showing a difference in views between individual physicians as to diagnostic techniques and surgical techniques or medical judgment is insufficient to show medical malpractice when it is shown that the diagnostic technique and surgical technique or medical judgment preferred by either physician is an acceptable and customary medical approach.

Betha claims this charge was incomplete because it omitted language that the standard of care to be applied was that of the medical community and not individual doctors.

As previously stated, this Court views the charge as a whole, not phrase by phrase or sentence by sentence. See *J. B. Hunt*, supra. The jury was instructed numerous times throughout the charge on the applicable standard of care.

4. In light of our holding in Division 3, it is unnecessary to address Betha's fourth enumeration of error.

5. Betha enumerates as error the "presumption of due care" charge given by the court, claiming that this charge has been criticized by the Supreme Court of Georgia in *Beach v. Lipham*, 276 Ga. 302, 305 (578 SE2d 402) (2003). *Beach v. Lipham* was decided on March 10, 2003, almost three months after the trial in the instant case. In *Beach,* the court did not reverse, but instead recommended changes in the language of this pattern instruction for use in future cases. Id. at 302. Accordingly, this enumeration presents nothing for our review.

*Judgment affirmed. Adams, J., concurs. Barnes, J., concurs in the judgment only.*

DECIDED NOVEMBER 5, 2003 

*Edwards & Youmas, Lonzy F. Edwards, LaTonya N. Wiley*, for appellants.

*Chambless, Higdon & Carson, Joseph H. Chambless*, for appellees.