## A05A0624. LEWIS v. SMITH.
(618 SE2d 32)

BERNES, Judge.

Appellant James W. Lewis, Esq. appeals from the trial court's denial of his motion to establish and enforce his attorney's lien and its grant of appellee Sun C. Smith's motion for summary judgment against Lewis' claim for fees. We affirm the trial court's decision granting Smith's motion for summary judgment on the grounds that Lewis is prohibited from recovering attorney fees under the parties' contingency fee agreement. However, we conclude that a genuine issue of material fact exists as to Lewis' entitlement to recover a reasonable fee for his services on the basis of quantum meruit. We further conclude that the evidence clearly established Lewis' entitlement to recover the litigation expenses advanced on Smith's behalf such that summary judgment should have been granted in Lewis' favor as to the expenses claim. Therefore, we reverse the trial court's decision granting Smith's motion for summary judgment as to Lewis' quantum meruit recovery of attorney fees and recovery of expenses. We also reverse the trial court's decision denying Lewis' motion to establish and enforce his attorney's lien as to the expenses claim.

The evidence shows that Smith retained Lewis to represent her as counsel in a personal injury lawsuit. The Contract of Employment executed by Lewis and Smith provided that attorney fees would be paid based upon "[a] contingency fee of forty percent (40%) of *final recovery* whether by trial or by settlement. . . ." (Emphasis supplied.)

Lewis pursued the personal injury litigation on Smith's behalf for almost two years. Thereafter, he negotiated a settlement of the case for $12,500. Smith, a Korean citizen, spoke little English, and thus, Lewis communicated with her using interpreters. Lewis claims that Judie Lee, an interpreter for Smith, had expressed Smith's authorization of the settlement. Later, however, another interpreter

called to inquire about the status of the case and indicated that Smith had not authorized the settlement. Lewis then rescinded the settlement, and ultimately, a motion seeking to enforce the settlement was successfully opposed. However, Lewis was terminated and Smith retained other counsel to further pursue the case.

Lewis filed his attorney's lien and sought recovery of $5,000 (amounting to 40 percent of the rejected $12,500 settlement that he negotiated) plus $883.44 in expenses that he paid during his handling of the case. Lewis alternatively sought recovery under the principle of quantum meruit. The parties filed cross motions for summary judgment as to Lewis' claim. When the cross motions were filed, the case remained unresolved and pending in the lower court. In her motion, Smith opposed Lewis' attorney's lien and argued that the nonoccurrence of the contingency foreclosed Lewis' recovery of fees under the contingency fee agreement. Smith further contended that Lewis' misconduct of entering into a settlement without her prior consent prevented his recovery of any fee. The trial court entered summary judgment in favor of Smith; Lewis' motion was denied.

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal of the grant of summary judgment, we review the evidence de novo; the evidence, and all reasonable conclusions and inferences drawn from it, are viewed in the light most favorable to the nonmovant. *Watts v. Promina Gwinnett Health System*, 242 Ga. App. 377, 379 (1) (530 SE2d 14) (2000).

> No question exists that an attorney is entitled to a fee that has been earned. OCGA § 15-19-14. When a fee contract exists and the matter is brought to a successful conclusion by the attorney, the contract will govern the attorney's fee. But when such a contract exists "for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recover for his services, and the precise event which was contemplated must happen."

(Citation and punctuation omitted.) *Ellerin & Assoc. v. Brawley*, 263 Ga. App. 860, 861 (1) (589 SE2d 626) (2003), quoting *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985). "Counsel must be held to the strict language of the instrument he prepared. [Cits.]" *May v. May*, 180 Ga. App. 581, 582 (349 SE2d 766) (1986); *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 273 (1) (496 SE2d 693) (1998). Accordingly, when the contingency fee contract specifies that the fee is to be based upon the sums "recovered" in the lawsuit, counsel is barred from fee recovery pursuant to the contract

if his services were terminated before any final amounts were collected in the case. *Brawley*, supra at 862 (1); *Yetman*, supra at 274.

In this case, the Contract of Employment executed by Lewis and Smith specified that the contingency fee was to be based upon "final recovery." At the time that Lewis was terminated, there had been no final recovery and the case remained unresolved. Since the contingency had not occurred, Lewis is not entitled to recovery based upon the contract. *Brawley*, supra at 862 (1); *Yetman*, supra at 273 (1). Accordingly, we affirm the trial court's order granting Smith's motion for summary judgment as to Lewis' claim for attorney fees based upon the contract.

2. Although Lewis is not entitled to a fee under the contract, he nonetheless may be entitled to a fee on the basis of quantum meruit.

> Where there is a contingent fee arrangement between a client and [an] attorney and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney's fees for his services that have been rendered on behalf of the client. Thus, although prevented from recovering under the contract, the attorney still has his remedy in quantum meruit.

(Citations and punctuation omitted.) *Overman*, supra at 438; *Yetman*, supra at 274 (2).

Smith terminated Lewis while the lawsuit remained pending, and therefore, she prevented the contingency of recovery from happening. Although Lewis provided legal services on the case for two years, Smith contends that he should not be entitled to collect any fees and expenses on the ground that he engaged in misconduct by settling the case without her authority. Smith relies on the rule that "[a] litigant has the right to insist that his case be adjudicated according to the established rules of law and procedure. When [a client] instructs [the] attorney not to compromise [the] case, the attorney is bound by such instructions. . . . If [the attorney] violates [this] instruction . . . he forfeits all right to compensation." *Rogers v. Pettigrew*, 138 Ga. 528, 529 (75 SE 631) (1912); *Lewis v. Uselton*, 202 Ga. App. 875, 876 (1) (416 SE2d 94) (1992). See also former State Bar Directory Rule 7-102 (A) (9) which provides that "a lawyer shall not . . . settle a legal proceeding or claim without obtaining proper authorization from his client."[1]

---

[1] The Georgia Rules of Professional Conduct adopted by the Supreme Court of Georgia became effective on January 1, 2001. However, the former disciplinary rules apply to this case since Lewis' alleged misconduct of settling the lawsuit without proper authority occurred on or about March 3, 2000.

In applying the forfeiture rule relied upon by Smith, both the *Rogers* and *Lewis* cases present circumstances in which the client gave express instructions to the attorney not to settle the case.[2] Thereafter, the attorney acted contrary to the client's specific instructions by entering into a settlement agreement. Moreover, the settlement was enforced and made binding upon the client. As a result of the attorney's violation of the client's express instructions by entering into a binding settlement, the right to compensation of attorney fees was deemed forfeited. See *Rogers*, supra; *Lewis*, supra.

In this case, however, Smith's claim was not compromised since no settlement was enforced by the trial court and no final disposition of Smith's case occurred. When a compromise is effectuated, the trial court makes the parties' settlement agreement the judgment of the court, thereby terminating the litigation. See *McClain v. George*, 267 Ga. App. 851, 854 (2) (600 SE2d 837) (2004); *Stacey v. Jones*, 230 Ga. App. 213, 215 (2) (495 SE2d 665) (1998). "A compromise of a dispute is binding on the parties. . . . A settlement [or compromise] generally constitutes a final disposition of any claim against a party." (Citations and punctuation omitted.) *McClain*, supra at 854 (2).

At the time of the trial court's ruling on Smith's motion for summary judgment, her underlying lawsuit remained pending and no final disposition of her case had been made. Therefore, as a matter of law, Smith's claim was not compromised and the rule stated in *Rogers* and *Lewis* does not apply to this case. Under these circumstances, we find that Lewis did not forfeit his earned fees and that he may be entitled to recover under quantum meruit. See *Haldi v. Watson*, 240 Ga. App. 801, 802 (2) (522 SE2d 696) (1999) ("The discharge of the attorney by the client does not defeat the attorney's right to be paid.") (citation and punctuation omitted); *Sosebee v. McCrimmon*, 228 Ga. App. 705, 706 (1) (492 SE2d 584) (1997) ("Where the client discharges the attorney, with or without cause, the attorney retains the right of compensation, not under the contract of employment which is at an end, but under quantum meruit which is protected by the attorney's lien statute.") (citation omitted). Accordingly, we reverse the trial court's order denying Lewis' motion to establish and enforce his attorney's lien, and granting Smith's motion for summary judgment as to the quantum meruit claim.

Under a quantum meruit claim, "[a]n attorney is entitled to have his fees valued both in light of the amount of work he has done, and also by the results accomplished." *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310, 312 (4) (205 SE2d 885) (1974). Accordingly, the trial

---

[2] In *Lewis*, the attorney was instructed not to compromise the claim for less than a stated sum. *Lewis*, supra at 875-876.

court must determine whether Smith received any benefit from Lewis' services, and if so, the value of those services rendered and received. See *Sosebee,* supra at 708-710 (1); *Haldi,* supra at 802-803 (2). In accordance with our holding, we remand this case for the conduct of a trial under the principle of quantum meruit.

3. Lewis' attorney's lien further sought reimbursement of $883.44 in expenses that he advanced on Smith's behalf for the maintenance of the lawsuit. These expenses of litigation are separate from the attorney fees that Lewis claimed. Although the parties' contract provided for a contingent attorney fee, they expressly agreed, pursuant to paragraph 2 of the contract, that Smith would reimburse Lewis for any and all costs or expenses advanced by him in handling the case.[3] Accordingly, the evidence clearly established that Lewis was entitled to recover the litigation expenses that he advanced. Compare *Donohue v. Green,* 209 Ga. App. 381 (433 SE2d 431) (1993) (holding that there was no meeting of the minds as to expenses in the parties' contingency fee contract, and therefore, the attorney's claim for reimbursement of litigation expenses was rejected). Cf. *Brown & Huseby, Inc. v. Chrietzberg,* 242 Ga. 232, 233 (1) (248 SE2d 631) (1978) (Under former State Bar of Georgia Rule DR 5-103 (b),[4] an attorney may advance the expenses of litigation, provided the client remains ultimately liable for such expenses.).

In support of his attorney's lien, Lewis also presented copies of checks that documented the court costs and expenses he paid on behalf of Smith for the lawsuit. Smith failed to present any evidence to contradict the necessity or reasonableness of those expenses, and as such, the amount of Lewis' claim for expenses is undisputed.

There being no genuine issue of fact presented as to this claim, Lewis was entitled to recover his expenses in the amount of $883.44 as a matter of law.

Accordingly, we hereby affirm the trial court's decision granting Smith's motion for summary judgment as to attorney fees under the contingency fee agreement, but reverse its decision granting Smith's

---

[3] Contrary to Smith's contentions, paragraph 1. e of the contract does not make the payment of expenses contingent upon recovery. Paragraph 1. e merely authorized Lewis to pay expenses connected with the claim from the proceeds of any final recovery. However, paragraph 2 directly governs Smith's agreement to reimburse Lewis for all costs or expenses that he advanced while handling the case.

[4] But see, State Bar of Georgia Rule 1.8 (e) (1) providing that "a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter." The new Georgia Rules of Professional Conduct adopted by the Supreme Court of Georgia became effective on January 1, 2001. Nonetheless, in this case, there was never an agreement to make the expenses of litigation contingent upon the outcome of the lawsuit. Moreover, Lewis advanced the litigation expenses in 1998 and 1999 when State Bar of Georgia Rule DR 5-103 was in effect.

motion for summary judgment as to attorney fees under quantum meruit recovery. We further reverse the trial court's decision granting Smith's motion for summary judgment and denying Lewis' motion to establish and enforce his attorney's lien as to Lewis' expenses claim. We remand this case with direction that the trial court conduct a trial as to Lewis' entitlement to recover attorney fees under the principle of quantum meruit, and further that the trial court enter summary judgment in favor of Lewis in the amount of $883.44 for his expenses claim.

*Judgment affirmed in part, reversed in part and case remanded with direction. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 21, 2005 —
RECONSIDERATION DENIED JULY 20, 2005 — ▮▮▮▮▮▮▮▮

*James W. Lewis*, for appellant.
*Glenville Haldi*, for appellee.