A06A0006. ELLIS v. THE STATE.
(633 SE2d 64)

SMITH, Presiding Judge.

Earl Ellis appeals from his convictions of robbery, battery, false imprisonment, and obstructing an emergency telephone call. Ellis contends the trial court erred by admitting into evidence an audiotape recording, giving the State two hearings regarding the admissibility of the audiotape, failing to give a curative instruction after the prosecutor injected his personal experience with domestic violence into his closing statement, failing to strike the testimony of similar transaction witnesses and issue a curative instruction, and restricting his counsel's closing argument. Finding no merit in these contentions, we affirm.

1. In related enumerations of error, Ellis contests the admissibility of an audiotape that recorded his attack on the victim. He asserts the State failed to lay an adequate foundation for its admission and that the trial court erred by giving the State two hearings on its admissibility.

(a) In order to establish the foundation for an audiotaped statement's admissibility the State must prove:

1) the mechanical device was capable of recording a statement; 2) the operator was competent; 3) the recording is

authentic and correct; 4) no changes, additions, or deletions were made; 5) the manner of preservation; 6) the identity of the speakers; and 7) the statement was not elicited through duress.

(Citations omitted.) *Johnson v. State*, 271 Ga. 375, 378 (4) (519 SE2d 221) (1999). The record shows that Ellis's attack on the victim was recorded by her BellSouth voice mail service when he failed to hang up his cell phone after calling her from outside her door. The victim notified the district attorney's office of the recording and went to that office so the voice mail could be copied. The victim was present when the voice mail was copied onto a tape, and she watched the person operate the tape recorder. The victim testified that when they began to record the voice mail, she told the person operating the tape recorder, "That's him, kicking my door down." The tape recorder recorded this statement onto the audiotape of the voice mail that was played at trial. After this statement by the victim, the audiotape recorded Ellis stating repeatedly that he was going to beat the victim and calling her various expletives. The recording lasted 18-19 seconds and concluded with a third voice stating, "To save this message, press two. Message saved for one day."

The victim testified that her voice mail service accurately recorded messages for her, that she was familiar with Ellis's voice, that it was Ellis's voice on the recording, that the voice mail service accurately recorded a portion of Ellis's attack on her, that no one forced Ellis to make the recorded statements, that the person operating the tape recorder operated it properly, that she observed this person place a sticker on the audiotape identifying it, that the audiotape submitted at trial was the same one onto which her voice mail recording was copied, and that she had listened to the audiotape and it accurately captured a portion of what Ellis had said during the incident.

We find the trial court did not abuse its discretion by admitting the audiotape. The record clearly established that the recording played for the jury was an authentic copy of the voice mail that captured Ellis's attack on the victim. See *Billings v. State*, 278 Ga. 833, 834-835 (3) (607 SE2d 595) (2005) (edited videotape admissible); *Daker v. State*, 243 Ga. App. 848, 850-851 (3) (533 SE2d 393) (2000) (videotape with gaps caused by manner in which it was recorded admissible). Although an addition was made to the voice mail message, it was made inadvertently, was cumulative of the victim's testimony, and was disclosed to the jury. Additionally, the audiotape was not rendered inadmissible because the person who actually copied the voice mail did not testify. An audiotape is admissible if one who personally witnessed the events recorded testifies that the

audiotape accurately recorded what the witness heard at the time the events occurred. *Hudson v. State*, 273 Ga. 124, 127 (3) (538 SE2d 751) (2000).

(b) Ellis contends the trial court erred by giving the State two opportunities to lay a foundation for the admission of the audiotape. The record shows that the trial court conducted its first hearing after opening statements and ruled that the State failed to meet its burden under *Johnson*, supra. The trial court then granted the State's request to try to lay the foundation again after it had had an opportunity to review the requirements of *Johnson*, supra. The State called the victim as its third witness, and successfully laid the foundation for admission of the audiotape at the beginning of her testimony. We find no abuse of discretion. "No principle is better settled than that in the conduct of trials, both civil and criminal, a broad discretion is vested in the judge below, and that that discretion will not be controlled by this court unless it is manifestly abused." (Citation and punctuation omitted.) *Furlow v. State*, 272 Ga. 795, 796 (2) (537 SE2d 61) (2000).

2. Ellis argues that the trial court erred by failing to give a curative instruction after the prosecutor stated that he "was a victim of domestic violence" during closing argument. The record shows that the trial court sustained defense counsel's objection to this statement and that defense counsel requested no further relief, such as a curative instruction or a mistrial.

> Failure to request a curative instruction constitutes a waiver of any appellate issues regarding the giving of such an instruction to the jury. Reversible error would not flow from the failure to give an unrequested curative instruction, as in no case will a trial judge's ruling or election be reversed for not going further than requested.

(Citation, punctuation and footnote omitted.) *Harden v. State*, 272 Ga. App. 559, 560 (1) (612 SE2d 877) (2005). As a result, we find no error resulted from the trial court's failure to give a curative instruction.

3. Ellis contends the trial court erred when it denied his motion to strike the testimony of a similar transaction witness based on the State's failure to give him ten days' notice that the witness would testify. See OCGA § 17-16-4 (a) (1). We cannot consider this contention because Ellis failed to preserve it for our review. The record shows that Ellis raised this objection for the first time at the close of the State's case and that he failed to make a contemporaneous objection at the time of the witness's testimony. "The purpose of requiring a timely objection is to avoid placing improper information

before the jury. Removing from a jury's consideration evidence it has heard is difficult at best and well nigh impossible after it has had time to sink in and the jury's attention is drawn to another subject." (Citation omitted.) *Sieveking v. State*, 220 Ga. App. 218, 220 (2) (469 SE2d 235) (1996).

Relying on *Patton v. Bank of LaFayette*, 124 Ga. 965 (53 SE 664) (1906), overruled, *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 271 (2) (476 SE2d 722) (1996), Ellis asserts that his motion to strike preserved the issue for our review because a motion to strike illegal testimony can be made any time before the case is submitted to the jury. We find no merit in this assertion. First, Ellis fails to acknowledge that *Patton*, supra, has been overruled by the Supreme Court and limited to "instances where the evidence was inadmissible because it was obtained in violation of a criminal defendant's constitutional rights. [Cit.]" *Sharpe*, supra, 267 Ga. at 271 (2). As Ellis does not assert the evidence was inadmissible as a result of a constitutional violation, his objection to the evidence was untimely and resulted in a waiver of his objection.

We also point out that case law interpreting *Patton*, supra, before it was overruled made it abundantly clear that the State's failure to comply with statutory discovery requirements did not render evidence illegal and subject to a motion to strike at any time before the case was submitted to the jury. *Henderson v. State*, 162 Ga. App. 320, 328 (292 SE2d 77) (1982) (on motion for rehearing).

4. Ellis asserts that the trial court erred when it ruled his counsel could not point out in her closing argument that the State failed to submit photographs of the victim's injuries. The record shows that the trial court granted Ellis's motion to exclude photographs showing the victim's injuries based upon the State's failure to produce them to Ellis ten days before trial. During Ellis's closing argument, the trial court agreed with the State's contention that the defense could not successfully move to exclude the evidence and then argue a negative inference from the State's failure to present the same evidence. We find no error in the trial court's ruling. "It would be manifestly unfair to prevent the prosecution from presenting this evidence and at the same time comment upon the prosecution's failure to do so." *Piast v. State*, 230 Ga. App. 222, 223 (1) (495 SE2d 875) (1998).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JUNE 20, 2006.

*Loletha D. Hale*, for appellant.

*Jewel C. Scott, District Attorney, Richard C. Brown, Assistant District Attorney,* for appellee.