A07A0974. WILLIAM H. STOLL, LLC v. SCARBER.
(652 SE2d 834)

SMITH, Presiding Judge.

William H. Stoll, LLC ("Stoll") appeals from the trial court's order denying its claim for quantum meruit against its former client for legal fees. Stoll claims that the trial court erred by: (1) holding that its claim for quantum meruit was not viable until its client's case settled; and (2) ruling that its claim did not involve liquidated damages for certain specified reasons. We find no merit in these claims and affirm.

The record shows that Stoll filed a complaint for attorney fees against its former client after she terminated its representation of her in a wrongful death action against a hospital. Stoll attached a copy of the fee agreement to its complaint, and that agreement provided that Stoll would be paid by contingency fee. It also provided:

> The Client shall not substitute attorneys without the consent of the attorney. In the event that a substitution should

occur then client shall pay all attorney's fees due immediately. If the amount cannot be determined, the fee shall be paid at the rate of — $100.00 — per hour for the time spent on the case.

Stoll's complaint asserted that "under the terms of the signed agreement," its former client was "responsible for the litigation fees for 345.75 hours in attorney time under 'Quantum Meruit' at the reduced rate of $100.00 per hour in this locale or $34,575.00." Stoll's complaint did not assert that its client had substituted counsel in violation of the fee agreement.

When Fran Scarber failed to answer the complaint, Stoll moved for default judgment and submitted an affidavit from William Stoll in support of its claim for damages. In the affidavit, William Stoll outlined the total amount of time spent on Scarber's case[1] and requested a liquidated damages judgment in the amount of $34,575. The trial court scheduled a hearing on Stoll's motion, and ruled the day after the hearing that "[a]lthough this case is in default, this is not a case involving liquidated damages. Plaintiff has failed to prove his entitlement to damages against Defendant."

Stoll filed a timely notice of appeal, and asked that nothing be omitted from the record on appeal. Eleven days later, it filed a request for certification of a transcript from recollection under OCGA § 5-6-41 (g). While the record before us does not contain a formal ruling on this request, it does include a letter from the trial court's chief deputy clerk stating that the request was taken "to the Judge and he told me to file the document but he did not intend to sign off on it because it was filed late." Stoll does not claim in this appeal that the trial court erred by failing to grant its request.

1. We find no merit in Stoll's claim that the trial court erred by holding that a contingency fee case must settle before an attorney's claim for quantum meruit attorney fees is viable. The record before us does not show that the trial court made any such holding, and Stoll has failed to fulfill its obligation to prove error by the record. *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983).

2. In his remaining enumeration of error, Stoll contends that the trial court erred by "holding that the damages were not pled with sufficient particularity to be liquidated damages and attorney fees can not [sic] be liquidated." Again, appellant fails to prove the trial

---

[1] Stoll's request for payment included items such as six hours spent reviewing the hospital's answer and OCGA § 9-11-9.1 defense, one hour reviewing the trial court's order denying the defendant's motion to dismiss, and five hours computing the time expended.

court made this specific ruling by proof in the record. The trial court's order simply states that "this is not a case involving liquidated damages."

To the extent that Stoll contends that this conclusion was error, we disagree. While an attorney can recover attorney fees based on a quantum meruit theory, the amount of the fees recoverable is based on an evaluation of whether the client "received any benefit from [the attorney's] services, and if so, the value of those services rendered and received." (Citations omitted.) *Lewis v. Smith*, 274 Ga. App. 528, 532 (2) (618 SE2d 32) (2005). "[I]f the services of the attorney have no value to the client under quantum meruit, then the client has no financial obligation to pay for services that did not achieve the contingency." (Citation and punctuation omitted.) *Sosebee v. McCrimmon*, 228 Ga. App. 705, 707 (1) (492 SE2d 584) (1997). Proof of the reasonable value of the attorney's services is required and this is a question for the trier of fact. Id.

This measure of damages does not fall within the definition of liquidated damages as "an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing." (Citation and punctuation omitted.) *Sellers v. Nodvin*, 207 Ga. App. 742, 746 (3) (429 SE2d 138) (1993). As a result, the trial court did not err by concluding that Stoll's claim was one for unliquidated damages.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 28, 2007.

*William H. Stoll*, for appellant.
Fran Scarber, *pro se*.