A08A0058. SMITH et al. v. FINCH et al.
(665 SE2d 25)

JOHNSON, Presiding Judge.

Clay and Tracie Smith filed a medical malpractice action against various doctors, a pediatric partnership and an emergency department, alleging that they had failed to properly diagnose and treat their 13-year-old son's case of Rocky Mountain spotted fever. The case was tried before a jury, which returned a verdict in favor of all defendants. The Smiths filed a motion for new trial, which the trial court denied. The Smiths appeal.

1. In their first enumeration of error and supporting argument, the Smiths do not challenge the sufficiency of the evidence supporting the verdict; rather, they contend only that the trial court erred in refusing to consider the general grounds in its order denying a new trial. Their basis for this contention is the court's statement in its order that it is "disingenuous to now claim that the jury made the wrong decision because they did not accept Plaintiffs' version of the facts or expert testimony." We fail to see how this statement shows a refusal to consider the general grounds.

Moreover, a review of the trial court's order reveals that the court did in fact consider the general grounds. The court expressly states that it will address the Smiths' general grounds motion; the court cites OCGA § 5-5-20 as authorizing the grant of a new trial if the verdict is contrary to the evidence; the court refers to the expert witnesses called by the Smiths; the court notes the jury's role in finding facts and judging witness credibility; and the court concludes that the jury was authorized to make its decision based on the evidence it heard. Because the trial court's order does not show that the court failed to consider the general grounds, and in fact indicates otherwise, the Smiths have failed to fulfill their obligation of proving error by the record.[1]

2. The Smiths argue that the trial court erred in giving the jury a "hindsight" charge. The court charged the jury that

> [i]n medical malpractice actions, a Defendant cannot be found negligent on the basis of an assessment of a patient's condition that only later in hindsight proves to be incorrect as long as the initial assessment was made in accordance

---

[1] See *William H. Stoll, LLC v. Scarber*, 287 Ga. App. 672, 673 (1) (652 SE2d 834) (2007).

with reasonable standards of medical care. In other words, the concept of negligence does not include hindsight. Negligence consists of not foreseeing and guarding against that which is possible and likely to happen, not against that which is only remotely and slightly possible.

This charge is authorized in a medical malpractice case where the evidence raises an issue as to whether the negligence claim is based on later acquired knowledge or information not known or reasonably available to the defendant physician at the time the medical care was rendered.[2]

In the instant case, the evidence raised issues as to what information the doctors had at the time care was rendered. There was conflicting evidence as to precisely what the doctors had been told about when a tick bite had occurred. There was also evidence about changing symptoms over the several days that the Smiths' son was seen by the various doctors, including the appearance and changing character of a rash. "In cases such as the instant one, where it is disputed as to what the attending physician knew or should have known at the time of treatment, the hindsight charge is authorized."[3]

3. The Smiths claim the trial court erred in failing to grant a mistrial or give a curative instruction after questioning one of the jurors during deliberations. The court questioned the juror because she had allegedly told other jurors that she was not going to follow the law. But upon questioning by the court, she indicated that she would be able to follow the law and she remained on the jury.

The Smiths acknowledge that it was appropriate for the court to inquire into the matter once it was reported that the juror had indicated she would not follow the law.[4] But they claim that after questioning the juror, the court should have granted a mistrial or given curative instructions, although they do not indicate exactly what the instruction should have been. Moreover, the trial transcript reveals that the Smiths did not move for a mistrial or request a curative instruction after the court had questioned the juror. The

[2] (Citation and punctuation omitted.) *Betha v. Ebanks*, 264 Ga. App. 4 (1) (589 SE2d 831) (2003).

[3] (Citations omitted.) Id.

[4] See *Mayfield v. State*, 276 Ga. 324, 330 (2) (a) (578 SE2d 438) (2003).

failure to move for a mistrial or request a curative instruction constitutes a waiver of any appellate issues regarding such motion or instruction.[5]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JUNE 27, 2008 — 

*David S. Bills, Benjamin L. Bagwell*, for appellants.
*McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Larry L. Hicks II, Forrester & Brim, Weymon H. Forrester*, for appellees.

---

[5] *McCannon v. State*, 268 Ga. 393, 395 (5) (489 SE2d 801) (1997) (failure to move for mistrial waives review); *Ellis v. State*, 279 Ga. App. 902, 904 (2) (633 SE2d 64) (2006) (failure to request curative instruction constitutes waiver).