A09A1422. BRADLEY v. JOHNSTON et al.
(686 SE2d 797)

ANDREWS, Presiding Judge.

James T. Johnston, Jr., and G. Roger Land, attorneys, sued their former client, Gail M. Bradley, to collect attorney fees due under a written contract. Bradley appeals from the trial court's order granting a portion of the relief sought by Johnston and Land on summary judgment, and denying relief she sought on summary judgment. For the following reasons, we reverse.

The facts are undisputed. Bradley and her brother, Forrest, each owned a 50 percent undivided interest in a 123.1-acre tract of real property in Towns County. After Forrest died, Bradley, who was Forrest's sole heir, hired Johnston and Land to contest Forrest's will, which devised his interest in the real property to a third party. The written attorney fee contract dated June 2007 provided in the event of a settlement that payment for legal services would be "forty percent of any gross proceeds," and that "[a]ttorneys agree to be paid by the conveyance of real property rather than cash at the election of Client." Johnston and Land negotiated a settlement approved by the probate court in May 2008 under which the probate

---

court entered a consent order finding that the will was invalid and that Bradley owned the entire 123.1-acre tract, and under which Bradley then deeded the third party an agreed upon 20-acre portion of the tract.

About two months before the May 2008 hearing to approve the settlement, a memorandum from Johnston and Land to Bradley proposed that the "gross proceeds" she would receive pursuant to the settlement could be calculated under the fee contract by multiplying the acreage she received by the dollar value per acre. The memorandum construed the settlement to mean that Bradley would receive her deceased brother's half of the 123.1-acre tract (61.55 acres) less the 20 acres deeded to the third party for a total amount of 41.55 acres. The memorandum informed Bradley that a local realtor thought the land was worth about $20,000 per acre, but that a November 2007 sale of nearby comparable land conveyed 5.3 acres for $32,075 per acre. The memorandum proposed to average these per acre figures at $26,037.50 per acre, then multiply by 41.55 acres to calculate that Bradley received gross proceeds in land worth $1,081,858, and concluded that attorney fees of 40 percent of this sum would amount to $432,743 in cash. About a month before the settlement hearing, Johnston wrote Bradley a letter about payment of attorney fees under the contract. Although he acknowledged that the fee contract provided for payment in real property rather than cash, he set forth various reasons why he and Land preferred not to be paid by a conveyance of real property. Rather, he proposed a method by which Bradley would give him and Land a $400,000 promissory note payable in a year and secured by 20 acres of the 103.1-acre tract she would own after the settlement. According to Johnston, the $400,000 figure represented a compromise from the amount of cash attorney fees proposed in the prior memorandum. The record shows that Bradley did not agree to these proposals.

When the probate court approved the settlement agreement on May 22, 2008, Bradley received her deceased brother's 50 percent undivided interest in the 123.1-acre tract, and she then deeded a 20-acre portion of the tract to the third party, leaving Bradley as the sole owner of the remaining 103.1-acre tract. On June 24, 2008, Johnston and Land sued Bradley to collect attorney fees under the fee contract seeking judgment in the amount of $400,000 in cash. The complaint stated that June 6, 2008, was the last day that legal services were provided under the fee contract, and the complaint attached a copy of the attorney fee lien Johnston and Land filed on June 6, 2008, on Bradley's real property stating that they were owed the cash sum of $400,000 under the fee contract.

After Bradley answered and counterclaimed, Johnston and Land moved for summary judgment. They attached an affidavit from

STATE LAW LIBRARY

Johnston, based on his "personal knowledge, qualifications and belief," that the real property Bradley received pursuant to the settlement was worth $32,015 per acre. The motion further contended that, pursuant to the settlement, Bradley received 103.1 acres (the total 123.1-acre tract less the 20 acres deeded to the third party), and therefore Bradley received gross proceeds in land valued at $3,300,746.50 (103.1 acres multiplied by $32,015 per acre). Accordingly, Johnston and Land sought summary judgment for attorney fees under the fee contract in the amount of 40 percent of $3,300,746.50 — the cash sum of $1,320,298.60.[1] In responding to the summary judgment motion and cross-claiming for summary judgment, Bradley raised, among other defenses, her right under the fee contract to pay the 40 percent attorney fees due on gross proceeds by the conveyance of real property rather than cash.

The trial court considered both motions for summary judgment and concluded as a matter of law that Bradley received "gross proceeds" in the settlement of 41.55 acres of real property, and that the property was worth $32,015 per acre, as set forth in Johnston's affidavit. The trial court then ordered Bradley to pay attorney fees under the fee contract in the amount of 40 percent of the gross proceeds by either: (1) conveying to Johnston and Land 40 percent of 41.55 acres (a total of 16.55 acres[2]); or (2) paying to Johnston and Land the cash value of 16.55 acres at $32,015 per acre (a total cash sum of $529,848.25). The trial court then reconsidered its order at the request of Johnston and Land and entered a revised order which granted Johnston and Land a cash judgment for attorney fees in the amount of $529,848.25 based on the calculations of the prior order. The revised order then gave Bradley the right (within 90 days) to pay the $529,848.25 judgment by conveying to Johnston and Land a portion of the remaining 103.1-acre tract equivalent in value to the judgment, as determined by a court-approved property appraiser based on the current per acre value of the land.

The attorney fee contract plainly provided that, if the matter settled prior to a probate court hearing on the merits of the will contest, attorney fees were due in the amount of "forty percent of any gross proceeds," and that "[a]ttorneys agree to be paid by the conveyance of real property rather than cash at the election of Client." The parties do not dispute that "gross proceeds" under these provisions means the real property that Bradley obtained as a result of the settlement. The trial court correctly rejected the claim

---

[1] In their motion for summary judgment, Johnston and Land disclaimed attorney fees based on the value of any farm equipment Bradley received pursuant to the settlement.

[2] The court miscalculated – 40 percent of 41.55 acres is 16.62 acres.

made by Johnston and Land that Bradley received gross proceeds of 103.1 acres as a result of the settlement, and that they were entitled to over 1.3 million dollars in attorney fees. The trial court erred, however, by converting attorney fees under the fee contract to a cash judgment and requiring Bradley to satisfy the judgment by paying cash or by conveying sufficient acreage from the 103.1-acre tract at current land value. Bradley held a 50 percent undivided interest in the 123.1-acre tract prior to the settlement. Under the settlement: (1) Bradley received her deceased brother's 50 percent undivided interest in the 123.1-acre tract, making her the sole owner; and (2) Bradley then deeded the third party a 20-acre portion of the 123.1-acre tract, leaving her as the sole owner of the remaining 103.1-acre tract. In other words, the settlement negotiated by Johnston and Land required Bradley to give the third party 20 acres of the 123.1-acre tract in order to obtain an additional 50 percent undivided interest in the remaining 103.1-acre tract. Under this settlement, "gross proceeds" in the fee contract was the additional real property interest that Bradley ultimately obtained as a result of the settlement — a 50 percent undivided interest in the 103.1-acre tract. Compare *Hornsby v. Hunter*, 262 Ga. App. 598, 602-604 (585 SE2d 900) (2003) (contingent fee contract contemplated payment of money rather than real property for payment of 20 percent of "gross proceeds"); *Brown v. Welch*, 253 Ga. 118 (317 SE2d 520) (1984) (contingent fee recovery applies to real property interests recovered for client, not to interests which otherwise vested in client by operation of law).

Under the fee contract prepared by Johnston and Land, they had no right to obtain a cash judgment for payment of their attorney fees. The contract provided that: "Attorneys agree to be paid by the conveyance of real property rather than cash at the election of Client." We need not determine whether this means that the parties agreed in the fee contract to payment by conveyance of real property, or whether Bradley could later elect to pay by conveyance of real property. The record is clear that Bradley asserted her right under the fee contract to pay attorney fees by conveyance of real property. The fee contract required payment of attorney fees in the amount of 40 percent of gross proceeds. Real property amounting to 40 percent of "gross proceeds" (represented by a 50 percent undivided interest in the 103.1-acre tract) is a 20 percent undivided interest in the 103.1-acre tract. *Lewis v. Smith*, 274 Ga. App. 528, 529 (618 SE2d 32) (2005) (counsel held to the terms of the fee contract he prepared). In the absence of some other defense to payment, which we do not consider, the fee contract prepared by Johnston and Land provided for payment of attorney fees due by conveyance from Bradley of a 20 percent undivided interest in the 103.1-acre tract. The trial court

erred by ruling otherwise in its orders addressing the summary judgment motions. Id.; OCGA § 9-11-56 (c).

*Judgment reversed. Miller, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 4, 2009 —
RECONSIDERATION DENIED NOVEMBER 20, 2009 —

*Stockton & Stockton, Lawrence A. Stockton, Jr.*, for appellant.
*James T. Johnston, Jr.*, pro se.
*G. Roger Land*, pro se.