### 72046. LAMB v. TANNER et al.
(344 SE2d 534)

SOGNIER, Judge.

Peggy Lamb was granted unemployment benefits following her discharge from employment with the Kroger Company (Kroger). The initial decision to grant her benefits without disqualification was affirmed by an administrative hearing officer. Kroger appealed to the Board of Review, Georgia Department of Labor (Board), which held that the hearing officer applied an incorrect legal standard and reversed and remanded the case for a new decision consistent with the Board's opinion. Following the hearing officer's second decision again affirming the initial decision to award benefits without disqualification, the Board reversed and remanded the case for a de novo hearing before a second hearing officer. The second hearing officer's decision disqualifying appellant for benefits for a five-week period pursuant to OCGA § 34-8-158 (2) was affirmed by the Board and by the Superior Court of DeKalb County. This court granted Lamb's application for discretionary appeal.

Appellant was employed at a Kroger supermarket for approximately 14 years. During her last few months of employment with Kroger she was placed on "accountability" status, requiring her to count the cash in her drawer before she went on duty and at the end of her shift. During this time there were several overages and shortages in excess of $2 for which appellant was subjected to progressive discipline and eventually terminated in accordance with Kroger's policies.

Appellant contends the superior court erred by affirming the

Board's decision requiring a disqualification period before appellant became eligible to receive unemployment benefits because that decision is not supported by the evidence and is based on an incorrect interpretation of OCGA § 34-8-158 (2). That code section provides in pertinent part that: "An individual shall be disqualified for benefits: . . . (2) after he has been discharged or suspended from work with his most recent employer for failure to obey orders, rules, or instructions or for failure to discharge the duties for which he was employed. . . .'" "Georgia, like the other states of the Union, has a strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own. OCGA § 34-8-2. The burden is on the employer urging the disqualification for benefits to show by a preponderance of evidence that the applicant for compensation comes within the exception. [Cit.]; OCGA § 34-8-158 (2). 'Fault' means more than mere failure to perform one's work duties. Thus, an employee who does not perform her work assignment adequately because she is *unable* to do so (i.e., not through fault or conscious neglect) cannot be penalized under OCGA § 34-8-158 (2). *Smith v. Caldwell*, 142 Ga. App. 130, 133 (3) (235 SE2d 547) (1977). . . . [Cit.]" *Millen v. Caldwell*, 253 Ga. 112, 113-114 (317 SE2d 818) (1984).

It is uncontroverted that appellant violated Kroger's policy prohibiting overages or shortages in excess of $2. However, appellant argues that her violations of that policy resulted from her inability to perform her job duties proficiently rather than from conscious neglect on her part which would justify a disqualification for unemployment benefits under OCGA § 34-8-152 (2). We agree. Although the "any evidence" rule applies to findings of fact by the administrative tribunal, *Miller Brewing Co. v. Carlson*, 162 Ga. App. 94, 95 (290 SE2d 200) (1982), the record offers no evidence contrary to appellant's contention that the overages and shortages occurred despite her best efforts on the job. Kroger expressly denied that these violations were the result of any dishonesty or deliberate malfeasance by appellant and there was no evidence to support appellees' argument that appellant's violations of Kroger's policy regarding cash accountability was the result of carelessness or negligence on her part. Compare *Kilgore v. Caldwell*, 152 Ga. App. 863 (264 SE2d 312) (1980). Contrary to appellees' argument, the sole fact that appellant had been employed as a cashier by Kroger for a number of years before she was placed on "accountability" status and terminated under Kroger's policy regarding cash accountability does not support a finding that she was capable of complying with that policy. See generally *Millen*, supra; *Smith v. Caldwell*, supra.

Therefore, because the evidence does not support the Board's findings, we reverse the superior court with direction that the case be

remanded to the Board of Review, Georgia Department of Labor, for a decision not inconsistent with this opinion. See *Millen,* supra. In light of this holding, we need not address appellant's remaining enumeration contending error regarding the procedure of the Board's remand of this case to a second hearing officer.

*Judgment reversed and case remanded. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 14, 1986.

*Deborah S. Kitay,* for appellant.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Jr., Senior Assistant Attorney General, Rita J. Llop, Senior Attorney,* for appellees.