*Phillips*, for appellees.

A91A0966. CASTANIA v. TICOR TITLE INSURANCE
COMPANY OF CALIFORNIA.
(409 SE2d 286)

McMurray, Presiding Judge.

Plaintiff Ticor Title Insurance Company of California filed this action for money had and received against defendant Castania. Defendant appeals from the grant of summary judgment in favor of plaintiff and from the denial of her motion for summary judgment. *Held*:

Defendant sold a home in California. Upon the sale of the subject property, defendant financed a portion of the purchase price and received a deed to secure debt from the buyers. Plaintiff issued a title insurance policy naming as insureds, defendant, as a mortgagee, and the purchasers of the property. Defendant did not attend the closing, and the proceeds were disbursed by an escrow agent. Due to mistake, plaintiff's agent failed to apply a portion of the proceeds to the outstanding balance on a prior mortgage issued by Highland Federal Savings and Loan Association of Los Angeles ("Highland") to defendant and secured by the property, and instead forwarded the amount at issue to defendant. When Highland demanded payment, plaintiff paid off the balance pursuant to the title policy and accepted an assignment of the claim from Highland. Following defendant's refusal to return the mistaken payment, plaintiff filed this action.

As a general rule, subrogation is available to an insurer which pays its insured for a covered loss caused by the act or omission of a third party. See *Liberty Mut. Ins. Co. v. Alsco Constr.*, 144 Ga. App. 307, 308-309 (240 SE2d 899). However, an insurer which pays an insured for a loss cannot then assert a claim of subrogation against the insured or a co-insured. *E. C. Long, Inc. v. Brennan's of Atlanta, Inc.*, 148 Ga. App. 796, 800-803 (252 SE2d 642). In other words, "[s]ubrogation does not arise . . . in favor of the insurer against its insured since by definition subrogation arises only with respect to the rights of the insured against third persons to whom the insurer owes no duty. [Cits.]" *Frank Briscoe Co. v. Ga. Sprinkler Co.*, 713 F2d 1500, 1502 (citing *E. C. Long, Inc. v. Brennan's of Atlanta, Inc.*, supra).

Plaintiff paid Highland the amount of the outstanding mortgage balance because of its contractual obligation to protect the title rights of its co-insureds, defendant and the buyers, against any "lien or encumbrance," and then filed suit seeking to recover from defendant, one of its insureds, for that loss. Such a claim is clearly barred by the

principle enunciated in *E. C. Long, Inc.* Plaintiff's payment to Highland was in effect a payment to its insureds pursuant to the insurance contract because the disbursement precluded any claim against the property by Highland and cleared the title, as appellee was contractually obligated to do. Consequently, appellee cannot now assert a claim against appellant, its insured, for return of the portion of the closing proceeds she received in error even if the receipt or retention of the funds was the result of her negligence. *E. C. Long, Inc.*, supra at 803. Furthermore, since plaintiff cannot sue defendant for reimbursement of a loss claimed and paid under the contract of insurance, we cannot allow plaintiff to do this indirectly by characterizing its claim as one for money had and received. See generally *E. C. Long, Inc.*, supra at 804 (1). The superior court's judgment is reversed and it is directed to enter judgment in favor of defendant on her motion for summary judgment.

*Judgment reversed with direction. Sognier, C. J., and Andrews, J., concur.*

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*M. P. Schildmeyer*, for appellant.
*Karl J. Howe*, for appellee.