## A03A2196. BALDWIN v. STATE FARM FIRE & CASUALTY COMPANY.
(590 SE2d 206)

ANDREWS, Presiding Judge.

Mona Baldwin appeals from the trial court's denial of her motion for summary judgment in this declaratory judgment action filed by State Farm Fire & Casualty Company. In this action, State Farm seeks a declaration that it has no duty to defend Richard Baldwin, Mona Baldwin's former husband, in her wrongful death suit filed after the death of their son Weston in an accident at his father's home. State Farm claimed that Weston Baldwin was a resident in his father's household at the time of his death and, therefore, there is no coverage under either Richard Baldwin's homeowner's policy or his personal liability umbrella policy. In her motion for summary judgment, Mona Baldwin asked the court to find as a matter of law, that when a child is with the noncustodial parent at that parent's home, the child is not a "resident" for insurance purposes. The trial court denied the motion, and we affirm.

This case arose after the Baldwins' eight-year-old son was killed at his father's home while the father was attempting to remove a fallen tree. The tree shifted positions and rolled onto the child after the father trimmed away limbs with a chain saw. The mother filed a

---

wrongful death action against the father, but State Farm denied coverage on the theory that the incident was governed by an exclusion for injuries to a relative who is a resident of the named insured's household.

On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant. *Blue Cross &c. of Ga. v. Kell*, 227 Ga. App. 266, 267 (1) (488 SE2d 735) (1997); *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

1. The evidence in the record shows that the Baldwins' divorce decree provides that the parents shall share joint care, custody, and control of the children and shall work toward each one having the children fifty percent of the time. Although Baldwin testified that he was not able to have the children with him half of the time, he stated in his deposition that, "I have them for two and a half months in the summertime and she has them for nine and a half months. . . ." He said that the children resided with him at least 129 days during the year prior to the accident and, at the time of the accident, both children were staying with him for the weekend.

In its order, the trial court noted that Richard Baldwin testified at his deposition that he considered the child to be a member and a resident of his household at the time of the accident. The court also pointed out that the death certificate listed the child's residence as that of the father.

"Residence and domicile are not synonymous and convertible terms. A man may have several residences, but only one place of domicile." (Punctuation omitted.) *Avery v. Bower*, 170 Ga. 202, 204 (152 SE 239) (1930). "It has long been held by the numerous decisions of our appellate courts that the questions of domicile and residence are mixed questions of law and fact and are ordinarily one for a jury to determine." *State Farm &c. Ins. Co. v. Gazaway*, 152 Ga. App. 716, 718-719 (263 SE2d 693) (1979). For instance, in *Travelers Ins. Co. v. Mixon*, 118 Ga. App. 31 (162 SE2d 830) (1968), this Court found there was an issue of fact as to whether the son was a resident of his father's household for purposes of insurance coverage where the son worked in Atlanta and shared an apartment there, but returned to his father's house on weekends. Id. at 33. Likewise, in *Gazaway*, supra, the court held that although the wife lived separately from her husband, there was an issue of fact as to whether she was a "resident" of his household for purposes of insurance coverage. Id. at 721.

In light of the above, we conclude that a jury could find that Weston Baldwin was a "resident" of his father's household for insurance purposes; therefore, the trial court did not err in denying Mona Baldwin's motion for summary judgment on this issue. See *Gazaway*,

supra; *Mixon*, supra. See also *Boggus v. Boggus*, 236 Ga. 126, 130, n. 3 (223 SE2d 103) (1976) (recognizing that a child may have a residence other than its domicile).

2. Mona Baldwin also argues the court should have granted her motion for summary judgment because the exclusion at issue is against public policy. She cites to no case law on point and we find none. We agree that the public policy in Georgia behind compulsory automobile liability insurance precludes the enforcement of an exclusion that denies compensation for the innocent victims of negligent motorists. *GEICO v. Dickey*, 255 Ga. 661, 662 (340 SE2d 595) (1986). But, nowhere do we find a similar expression of public policy with respect to homeowner's insurance. Indeed, *GEICO* appears to disapprove this type of argument, stating "[t]he difficulty with the conclusion of the district court is that the court leaps from the finding that intrafamily tort immunity is no longer an ironclad doctrine in Georgia to the conclusion that a family exclusion clause is against public policy." Id.

"Contracts will not be voided by the courts as against public policy except where the case is free from doubt and an injury to the public interest clearly appears." *Hartford Ins. Co. &c. v. Franklin*, 206 Ga. App. 193, 195 (424 SE2d 803) (1992), citing *Emory Univ. v. Porubiansky*, 248 Ga. 391, 393 (282 SE2d 903) (1981). That is not the case here. Thus, the parties are left free to contract in a manner that leaves gaps in the coverage which may not have existed prior to any recent curtailment of intrafamily immunity. Although Mona Baldwin cites cases which encourage construction of the insurance policy in favor of the insured and so as to meet the expectations of the insured, these do not amount to a license to alter the plain terms of the contract between the parties. See *Ranger Ins. Co. v. Columbus-Muscogee Aviation*, 130 Ga. App. 742, 745 (204 SE2d 474) (1974) (policy containing plain and unambiguous policy limitation on insurer's liability cannot be expanded beyond what is fairly within its plain terms), as cited by *Hartford Ins. Co.*, supra at 195.

Accordingly, we conclude there is no conflict between the policy exclusion and the public policy of this State. The trial court did not err in denying Baldwin's motion for summary judgment on this ground.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED NOVEMBER 18, 2003.

*Terry D. Jackson, Bobby Lee Cook*, for appellant.
*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr.*, for appellee.