## A04A0576. AEW #2 CORPORATION v. FEDERAL INSURANCE COMPANY.

### (603 SE2d 22)

MILLER, Judge.

Federal Insurance Company (Federal) filed an action for indemnity or contribution against AEW #2 Corporation (AEW) and others[1] seeking monies it paid to settle a lawsuit for its insured. AEW filed a motion to dismiss the action on the ground that Federal's complaint failed to state a claim upon which relief could be granted. The trial court denied the motion to dismiss, and AEW appeals. We discern no error and affirm.

The relevant facts of record reveal that in 1995, Berlin Packaging, Inc. (Berlin), a distributor of plastic bottles, leased warehouse space from AEW. The lease agreement provided that Berlin would indemnify AEW from any loss arising out of damage to property, except damage to property that was caused by the sole negligence of AEW. The agreement further provided that Berlin "shall procure and maintain ... a policy or policies of insurance, at [Berlin's] sole cost and expense, insuring both [AEW] and [Berlin] against all claims, ... in connection with: (i) the premises; [and] (ii) the condition of the premises. . . ." Berlin obtained an insurance policy from Federal listing only Berlin as a named insured, and which provided that

> [a]ny lessor of leased premises is an *insured*, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Berlin] and only if [Berlin] [is] contractually obligated to provide such coverage as is afforded by this contract. No lessor is an *insured* with respect to: ... *property damage* ... arising out of the sole negligence of the lessor.

(Emphasis in original.)

In 1999, a food distributor sued a salad dressing manufacturer for damages associated with the recall of honey mustard salad dressing that was discovered to be contaminated with yeast and mold. The manufacturer filed a third-party complaint against Berlin, the seller of the plastic bottles used for the salad dressing. A jury found that Berlin was negligent and that such negligence was the proximate cause of the spoilage of the salad dressing. Before the jury returned a verdict on damages, Federal, Berlin's insurer, paid a total

---

[1] The complaint also named Trammell Crow Company, TC Atlanta, Inc., Roof Management, Inc., and Apollo Roofing Company, Inc., as defendants. The motion to dismiss was filed by AEW only.

of $6.3 million to the distributor, the manufacturer, and the manufacturer's insurer to settle the case against Berlin.

Federal subsequently filed an action for indemnification or contribution against AEW and four other defendants to recover the $6.3 million it paid to settle the manufacturer's case against Berlin. In its complaint, Federal alleged that AEW negligently maintained the warehouse roof where Berlin stored the bottles later used for salad dressing, allowing the roof to leak, and that such leakage collected on the bottles causing contamination of the salad dressing. AEW filed a motion to dismiss the action, arguing that because AEW was an additional insured under the policy, Federal could not assert a claim for subrogation. The trial court denied the motion to dismiss, prompting this appeal.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations and punctuation omitted.) *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998).

Construed most favorably to Federal, the complaint alleges that AEW was solely negligent and that its negligence in failing to maintain the roof of the leased premises was the proximate cause of the contamination of the salad dressing bottles. Attached to the complaint is the insurance policy issued to Berlin, which specifically provides that a lessor is not an insured with respect to property damage arising out of the sole negligence of the lessor. Thus, if AEW was solely negligent, it could not be an insured under the policy, and would therefore not be protected from Federal's claim for indemnity.

AEW correctly asserts that in Georgia "an insurer which pays an insured for a loss cannot then assert a claim of subrogation against the insured or a co-insured." (Citation omitted.) *Castania v. Ticor Title Ins. Co. &c.*, 200 Ga. App. 633 (409 SE2d 286) (1991); see *E. C. Long, Inc. v. Brennan's of Atlanta*, 148 Ga. App. 796, 803 (1) (b) (252 SE2d 642) (1979). The application of this rule is premature, however, because the question here is whether AEW was an insured under the policy. Although Berlin was obligated to obtain an insurance policy to

protect AEW from all claims arising out of the condition of the warehouse, the policy it obtained provides that AEW's status as an insured is subject to certain exceptions. Whether any of these exceptions apply is an issue to be resolved as the case proceeds forward.

Therefore, as Federal has presented allegations in its complaint, which, if proven, would entitle Federal to relief, the trial court did not err in denying AEW's motion to dismiss. Should it be determined that AEW is an additional insured under Berlin's policy, then Federal's subrogation claim must fail as a matter of law. See *Castania*, supra, 200 Ga. App. at 633.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 7, 2004 —
RECONSIDERATION DENIED JULY 27, 2004.

*Gambrell & Stolz, Jennifer G. Cooper, Jessica A. Ryan*, for appellant.

*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Michael D. St. Amand*, for appellee.