A05A0872. FREDERICKS et al. v. HALL et al.
(620 SE2d 638)

ANDREWS, Presiding Judge.

Dr. Craig Fredericks and the South Georgia Neurological Institute (collectively "Fredericks") appeal from the judgment entered after a jury found for Barry and Chastity Hall on their medical malpractice claim. Concluding that no reversible error occurred at trial, we affirm.

Taken in the light most favorable to the verdict, the evidence at trial was that Barry Hall consulted Dr. Fredericks for blurred vision and a burning sensation in his eye. An MRI showed a "lesion at the apex of the orbit surrounding the optic nerve, carotid artery[,] and alongside the cavernous sinus." Dr. Fredericks performed a "craniotomy" on Hall to remove the tumor. After the operation, Hall continued to suffer from blurred vision, double vision and headaches. Approximately three months later, Hall had another MRI and returned to see Dr. Fredericks. Dr. Fredericks told him that the tumor was still there. Dr. Fredericks told Hall that he would recommend him to a friend of his in Orlando for "gamma knife treatment" and radiation.

Hall decided to get a second opinion. The second doctor recommended another surgery to remove the tumor. This doctor performed the operation and successfully removed the tumor.

At trial, the Halls' expert, Dr. Allan Korsower, testified that Dr. Fredericks's treatment of Hall fell below the applicable standard of care in numerous ways, including: ineptness with the "Stealth System" used to help locate the tumor, failure to locate and expose the

tumor, doing blind biopsies in a hazardous area, causing Hall a great deal of torment, and forcing Hall to undergo a second operation.

The jury awarded the Halls $235,000 in damages on their claims. This appeal followed.

1. In his first enumeration of error, Fredericks claims the trial court erred in granting the Halls' motion in limine to prevent Fredericks from questioning Korsower about his problems with panic disorder, agoraphobia and dysthymic disorder. Fredericks contends that he should have been allowed to cross-examine Korsower on this issue because Korsower had previously filed a disability claim against an insurance company due to these problems. Fredericks stated that he wanted to bring this out on cross-examination because Korsower's alleged disability did not appear to affect his testimony in the courtroom.

"Control of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." *Daniel v. Smith*, 266 Ga. App. 637, 643 (597 SE2d 432) (2004). Although it is true that parties are entitled to a thorough, sifting cross-examination of witnesses called against them, OCGA § 24-9-64, this must be limited to subjects relevant to issues in the case. *Hodge v. Lott*, 251 Ga. App. 288 (553 SE2d 652) (2001).

In this case, the record shows that when Fredericks argued that this information went to Korsower's credibility because he appeared able to testify in a crowded courtroom, the trial court responded that the courtroom contained, in addition to the parties, their lawyers and the jury, two officers, two bailiffs, and five other people; thus, rejecting Fredericks's argument that the courtroom was "crowded." Also, we note that there is nothing in the record to show that Korsower testified without discomfort, beyond allegations of counsel in briefs. This is not evidence that may be considered on appeal. *Camp v. Coweta County*, 271 Ga. App. 349, 355 (609 SE2d 695) (2005).

Further, as Hall points out, the court never specifically prohibited Fredericks from cross-examining Korsower as to his agoraphobia. The motion in limine which the court granted was to prohibit cross-examination concerning a prior lawsuit for disability benefits. Korsower himself testified that he suffered from mood disorder, dysthymia and panic attacks. Counsel for Fredericks never attempted to cross-examine him on this testimony. If Fredericks's counsel was unclear as to the scope of the court's ruling, the burden was on him to obtain a ruling from the trial court on that issue. *Bryan v. Barnett*, 205 Ga. 94 (52 SE2d 613) (1949).

2. Next, Fredericks argues the trial court erred when it overruled his objection to Korsower's testimony about the Stealth System manual. Fredericks claims on appeal that Korsower was never

qualified as a Stealth System expert and had never used or been trained to use the system.

But, Fredericks did not make this argument to the trial court. Counsel's only objection at trial to Korsower's testimony about the manual was: "Your Honor, I'm going to object to his testifying about a manual. We're here talking about the standard of care. That's a hearsay statement."

On appeal, Fredericks does not argue that the trial court erred in overruling his hearsay objection but, instead, makes an entirely different argument not raised below. Our review on appeal is limited to those grounds presented to and ruled on by the trial court. Consequently, this enumeration presents nothing for our review. *Walker v. State*, 258 Ga. App. 333, 336 (574 SE2d 400) (2002); *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774-775 (345 SE2d 56) (1986).

3. Fredericks also claims the trial court erred in denying his motion in limine to preclude questions about his suspension and discipline by the Georgia Composite State Board of Medical Examiners. There is no transcript of the hearing at which Fredericks claims the judge denied this motion. At a post-trial hearing to supplement the record, the trial court refused to enter a written order on the issue, stating that it had never made a final ruling on the motion but had deferred ruling until a proffer was made at trial on what the proposed evidence would show. A review of the transcript shows that no proffer was ever made at trial. "It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver." *Totino v. State*, 266 Ga. App. 265, 268 (596 SE2d 749) (2004). Where there is no ruling to review, this Court cannot consider the enumerated error. *Sanders v. State*, 179 Ga. App. 168, 169 (2) (345 SE2d 677) (1986). Thus, this allegation of error is without merit.

4. The Halls' motion for a penalty for frivolous appeal is denied. *Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 8, 2005.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Gregory T. Talley, Edward F. Preston*, for appellants.
*G. G. Kunes, Jr.*, for appellees.