A07A1715. DANIEL v. ALLSTATE INSURANCE COMPANY.
(660 SE2d 765)

RUFFIN, Judge.

Stanley C. Daniel and Becky Jenkins were involved in an automobile collision, and Daniel sued Jenkins to recover damages. The complaint was also served on Progressive Classic Insurance Company, with whom Daniel's father had automobile insurance, and Allstate Insurance Company, with whom Daniel's mother and stepfather had automobile insurance, and which insured the vehicle

Daniel was driving — his stepfather's van. Daniel and Allstate filed cross-motions for summary judgment, and Daniel moved to strike some of Allstate's evidence. The trial court granted Allstate's motion for summary judgment and denied Daniel's motion to strike and motion for partial summary judgment, and Daniel appeals. For reasons that follow, we affirm in part and reverse in part.

We conduct a de novo review of a trial court's grant of summary judgment, and view all evidence and inferences drawn from the evidence in a light most favorable to the nonmoving party.[1]

> A defendant who does not bear the burden of proof at trial may establish entitlement to summary judgment by demonstrating "that the documents, affidavits, depositions[,] and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case."[2]

The record reflects that in the early morning hours of March 13, 2004, Daniel and Jenkins were involved in an automobile collision. Daniel was driving a Ford Aerostar van belonging to his stepfather, Willie Gaither. Daniel was seriously injured, and brought an action for damages against Jenkins.

Jenkins's automobile insurance provided $25,000 in liability insurance coverage. According to Daniel, his damages exceeded this amount, and thus he sought to recover under his parents' underinsured motorist policies. His father, Stanley Daniel, Sr., had automobile insurance with Progressive that provided $25,000 in uninsured/underinsured motorist coverage. Gaither had two automobile insurance policies with Allstate, one covering the Ford Aerostar van and another covering other vehicles he owned. Each Allstate policy provided $25,000 in uninsured/underinsured motorist coverage. This coverage was extended to the insured and "any resident relative." "Resident" is defined in the policy as one with "physical presence in [the insured's] household with the intention to continue living there." The Allstate policies contained no language governing the priority of payment by underinsured motorist carriers. Rather, they provided that

> damages payable will be reduced by . . . all amounts paid by the owner or operator of the uninsured auto, including an underinsured motor vehicle, or anyone else responsible.

---

[1] See *Hicks v. Newman*, 283 Ga. App. 352 (641 SE2d 589) (2007).
[2] Id.

> This includes all sums payable under the bodily injury liability coverage or the property damage liability coverage . . . of this or any other auto policy.

The insurance coverage available to Daniel depends on where he was a resident when the collision occurred. Daniel describes his living arrangements at the time of the collision as follows: he generally spent Sunday through Thursday nights at the home of his mother and stepfather in Ellenwood, to be close to his place of employment in Decatur. He also occasionally spent weeknights at the Decatur home of his grandmother to assist with her care. Daniel spent most Friday and Saturday nights at the home of his father, Daniel, Sr., and stepmother in Marietta. He had keys to all three homes. He had his own bedroom in both parents' homes, and received mail at both parents' homes.

Daniel moved for partial summary judgment on the following issues: (a) that Gaither's Allstate insurance policy on the Ford Aerostar van, providing $25,000 of underinsured motorist coverage, primarily applies to Daniel's claim against Jenkins after Jenkins's liability insurance is exhausted; and (b) that the underinsured motorist coverage in Gaither's second Allstate insurance policy should be prorated with Progressive's policy of underinsured motorist coverage to the extent that damages awarded to Daniel exceed $50,000. Allstate also moved for summary judgment, arguing that Daniel was not a resident of the Gaithers's home when the collision occurred and thus is not entitled to underinsured motorist coverage under the Allstate policies on that basis, and that to the extent Daniel is entitled to underinsured motorist coverage under the Allstate policy covering the van, that coverage is secondary to Progressive's coverage. The trial court, in single-sentence orders, denied Daniel's motion for partial summary judgment and motion to strike and granted Allstate's motion for summary judgment.

1. Preliminarily, we note that Allstate has not filed a brief. Therefore, we accept Daniel's statement of facts "as prima facie true and decide the case on the basis of this statement and the evidence cited and quoted in support thereof."[3] We also note that the argument portion of Daniel's brief does not track the enumerations of error, in violation of Court of Appeals Rule 25 (c) (1). "We take this opportunity to remind counsel that the requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and

---

[3] (Punctuation omitted.) *Clark v. Stafford*, 239 Ga. App. 69, n. 1 (522 SE2d 6) (1999).

efficiently comprehended by this Court."[4] We also grant Daniel's motion to file a supplemental brief.

2. We first consider Daniel's motion to strike a "Certificate of Authentication of Records" submitted by James M. Roth, Progressive's attorney of record in this case.[5] We review a trial court's denial of a motion to strike for abuse of discretion.[6] In the document at issue, Roth purported to certify a true and correct copy of the $25,000 check issued by Progressive to Daniel in payment of his claims in the case. Daniel contends the trial court should have stricken the certificate because it was not denominated an affidavit and because it was not made on personal knowledge.

The trial court was authorized to consider the document even though it was not entitled "affidavit," as it "show[ed] affirmatively that [Roth] is competent to testify to the matters stated therein" and was notarized.[7] And we find no merit to Daniel's argument that the document did not lay the necessary foundation to show that Roth had personal knowledge of the matters contained therein. Roth, as counsel for Progressive, would have personal knowledge of the check and the circumstances surrounding its issuance and negotiation. The trial court did not abuse its discretion in denying Daniel's motion to strike.[8]

3. On appeal, Daniel also enumerates as error the trial court's denial of motions to strike a police report and medical bills submitted by Allstate. But we find no evidence of such motions in the record, and Daniel has not provided a record citation for them. Moreover, the trial court's order refers only to "a" motion to strike. Accordingly, these enumerations provide no basis for reversal.[9]

4. This case turns on a determination of Daniel's residence. OCGA § 33-7-11 (b) (1) (B) provides that, in the context of a motor vehicle insurance policy:

"Insured" means the named insured and, while resident of the same household, the spouse of any such named insured

---

[4] (Punctuation omitted.) *Orff v. Stonewood Restaurant Group*, 285 Ga. App. 488, 489, n. 4 (646 SE2d 702) (2007).

[5] The certificate was signed on August 30, 2005; Progressive had been voluntarily dismissed with prejudice on October 21, 2004.

[6] See *Cox v. U. S. Markets, Inc.*, 278 Ga. App. 287, 291 (3) (628 SE2d 701) (2006); *Roberson v. Ocwen Fed. Bank FSB*, 250 Ga. App. 350, 352 (2) (553 SE2d 162) (2001).

[7] OCGA § 9-11-56 (e); see *Giles v. State*, 257 Ga. App. 65, 69 (2) (570 SE2d 375) (2002) ("[T]here is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name.") (punctuation omitted).

[8] See *Cox*, supra at 290-291 (3); *Emmett v. Regions Bank*, 238 Ga. App. 455, 456-457 (2) (518 SE2d 472) (1999).

[9] See *William H. Stoll, LLC v. Scarber*, 287 Ga. App. 672, 673 (1) (652 SE2d 834) (2007).

and relatives of either, while in a motor vehicle or otherwise; [or] any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies. . . .

While the parties do not dispute that Daniel was a resident of his father's home, Allstate contends that he was not also a resident of the Gaithers's home. Daniel asserts that he was a resident of both parents' homes and thus entitled to coverage under the Progressive policy and both Allstate policies.

"[Q]uestions of domicile and residence are mixed questions of law and fact and are ordinarily one[s] for a jury to determine."[10] In deciding whether a relative is a resident of the named insured's household, we generally consider both the language of the insurance policy and "the aggregate details of the family's living arrangements."[11] Allstate's own policies define a resident as someone physically present in the household with the intention to continue living there. Our courts have held that "[t]he ordinary and accepted meaning of the phrase 'one residing in the same household' in an insurance policy[ ] pertains to one who physically maintains permanent or frequently utilized living accommodations."[12] And an individual may have more than one residence for purposes of insurance coverage.[13] Based on our review of the record, a genuine issue of material fact exists as to whether Daniel was a resident of the Gaithers's home, and the trial court erred in granting summary judgment to Allstate on that issue.[14]

5. The remaining enumerations of error relate to the priority of coverage among Jenkins's policy, the Progressive policy, and the two Allstate policies. Because of our conclusion in Division 4 that genuine issues of material fact remain as to whether Daniel was a resident of the Gaithers's home, any ruling on the coverage issues would be premature.[15] We therefore reverse the trial court's grant of summary judgment to Allstate as to coverage issues and affirm the denial of summary judgment to Daniel.

---

[10] (Punctuation omitted.) *Baldwin v. State Farm Fire &c. Co.*, 264 Ga. App. 229, 230 (1) (590 SE2d 206) (2003).

[11] *Rainey v. State Farm &c. Ins. Co.*, 217 Ga. App. 618, 619 (458 SE2d 411) (1995).

[12] (Punctuation omitted.) *Boston v. Allstate Ins. Co.*, 218 Ga. App. 726, 727 (463 SE2d 155) (1995) (interpreting identical language in Allstate policy).

[13] See *Baldwin*, supra at 230-231; *Travelers Ins. Co. v. Mixon*, 118 Ga. App. 31, 33 (162 SE2d 830) (1968).

[14] See *Baldwin*, supra; *Boston*, supra at 728.

[15] See *Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Assn.*, 288 Ga. App. 355, 364 (3) (654 SE2d 207) (2007); *AEW # 2 Corp. v. Fed. Ins. Co.*, 268 Ga. App. 740, 741 (603 SE2d 22) (2004).

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Daniel contends that Division 3 of our opinion was incorrectly decided because he did provide a record citation in his brief to a motion to strike a police report and medical bills submitted by Allstate. Daniel cited a document entitled "Reply Brief in Support of Plaintiff Stanley C. Daniel's Motion for Partial Summary Judgment and in Opposition to Allstate Insurance Company's Motion for Summary Judgment (and Motions to Strike Included)." However, this does not change our conclusion that the issue was not properly before us. Pretermitting whether the pleading referred to by Daniel constituted a motion to strike,[16] it is Daniel's burden to establish not only that he raised the issue below, but that it was ruled on by the trial court.[17] Daniel has not shown that the trial court ever ruled on the issue of striking these documents. No transcript of a hearing on the motions appears in the record, and, as we previously stated, the trial court's single-sentence order mentions only "a" motion to strike. We understand this order to refer to Daniel's separately-filed "Motion to Strike James [M.] Roth's Certificate of Authenticity of Records or Portions Thereof and Brief in Support." As a court for the correction of errors, we consider only those grounds for appeal that were ruled on below.[18] It is Daniel's responsibility to ensure that the record clearly indicates what occurred below.[19] Accordingly, Daniel's motion for reconsideration is denied.

*Motion for reconsideration denied.*

---

[16] See, e.g., *Hershiser v. Yorkshire Condo. Assn.*, 201 Ga. App. 185, 186 (3) (410 SE2d 455) (1991) ("Criticism of the affidavit at issue in defendant's brief did not elicit action by the . . . court and therefore did not amount to a motion to strike.").

[17] See *Rental Equip. Group v. MACI, LLC*, 263 Ga. App. 155, 160 (2) (587 SE2d 364) (2003) ("Not only must the objection be timely raised in the trial court, but the trial judge must rule upon the same issue as raised upon appeal to preserve the issue for our consideration.").

[18] See *Parker v. Silviano*, 284 Ga. App. 278, 280 (1), n. 3 (643 SE2d 819) (2007) ("This [C]ourt is a court for the correction of errors and it does not consider matters which were not raised and ruled on by the trial court."); *Waters v. Glynn County*, 237 Ga. App. 438, 441 (4) (514 SE2d 680) (1999) ("Where a trial court does not rule on an issue, it remains outside the jurisdiction of this Court and we cannot consider it.").

[19] See *Fredericks v. Hall*, 275 Ga. App. 412, 413 (1) (620 SE2d 638) (2005); see also *Barlow v. State*, 279 Ga. 870, 871 (621 SE2d 438) (2005) (pursuant to OCGA § 15-1-3 (6), party may move for clarification of trial court order).

DECIDED MARCH 19, 2008 —
RECONSIDERATION DENIED APRIL 10, 2008 —

*Kenneth C. Pollock*, for appellant.
*Groth & Makarenko, Nikolai Makarenko, Jr., Jabari C. Rollins*, for appellee.