**SECOND DIVISION**
**ANDREWS, P. J.,**
**BARNES, P. J. and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 11, 2015**

# In the Court of Appeals of Georgia

A14A2107. THOMAS v. BUTLER, et al.

RAY, Judge.

We granted Kameelah Thomas's application for discretionary review of the denial of her claim for unemployment benefits after she was discharged from her job as a cashier at a Dollar General store. After her discharge, Thomas appealed below and was heard by an administrative hearing officer, who determined she was disqualified from benefits under OCGA § 34-8-194 (2) (A). The Georgia Department of Labor's Board of Review (the "Board") adopted the hearing officer's findings and affirmed the decision; the Board's decision then was affirmed by the superior court. On appeal, Thomas contends that the Superior Court erred in its decision because (1) there was no evidence in the record showing that she was legally at fault in the incident that triggered her discharge and (2) because the Superior Court wrongly

affirmed her disqualification based upon the "totality of the circumstances." For the reasons that follow, we reverse.

> Under Georgia law, when a superior court reviews a decision by the Board, the findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. OCGA § 34–8–223 (b). Thus, the factual determinations of the board must be affirmed if there is any evidence to support them. And the superior court is not authorized to weigh the evidence and substitute its factfindings for those of the administrative trier of fact.

(Citations and punctuation omitted.) *Case v. Butler*, 325 Ga. App. 123, 125 (1) (751 SE2d 883) (2013).

Thomas was working as a cashier at a Dollar General store on the evening of May 3, 2013. She was helping some customers, who did not appear to speak English, make their purchases. The customer who was attempting to pay apparently did not understand how to use the credit card pin pad, and Thomas was trying to help him. She told him repeatedly that he needed to pay. However, even though Thomas did not indicate that the transaction was complete, the customer's wife wheeled the shopping cart and merchandise out of the store despite Thomas's telling her not to remove the cart. Because the customer who was attempting to pay was still at the register,

2

Thomas thought he would pay and did not immediately follow the wife into the parking lot. However, the customer who was attempting to pay then also left the store. Thomas, realizing that the credit card transaction was not complete, followed the customers into the parking lot in an attempt to retrieve the merchandise, but could not overtake them as their car had already pulled into oncoming traffic. Not wanting to leave the cash register unattended, she returned to the store and immediately reported what had happened. She specifically testified that she did not give the customers permission to leave.

The employer's representative, Legina Toussaint, a store manager for Dollar General, testified that this incident caused the register come up about $34 short, although she could not recall the exact amount. This shortage was considered "mishandling company funds" under Dollar General's policy, which provided that an employee be automatically terminated if the shortage exceeded $24.99.

1. As an initial matter, we note that neither appellee has filed a brief in the instant case. As a result, we accept Thomas's statement of facts "as prima facie true and decide the case on the basis of this statement and the evidence cited and quoted in support thereof." (Punctuation and footnote omitted.) *Daniel v. Allstate Ins. Co.*, 290 Ga. App. 898, 900 (1) (660 SE2d 765) (2008).

2. Thomas first contends that the trial court erred in upholding the Board's decision to disqualify her because there was no evidence in the record that Thomas was at fault in her discharge. We agree.

Under OCGA § 34–8–194 (2) (A), an individual shall be disqualified for unemployment benefits if he or she was discharged "for failure to obey orders, rules, or instructions or for failure to discharge the duties for which the individual was employed as determined by the Commissioner [of Labor] according to the circumstances in the case."

However, OCGA § 34–8–194 (2) (B) provides that

[a]n individual shall not be disqualified for benefits under subparagraph (A) of this paragraph if, based on the rules and regulations promulgated by the Commissioner, the Commissioner determines: (i) The individual *made a good faith effort to perform the duties for which hired but was simply unable to do so*; (ii) *The individual did not intentionally fail or consciously neglect to perform his or her job duties*.

(Emphasis supplied.)

The employer bears the burden of showing that the termination was caused by "the deliberate, conscious fault" of the employee before she may be disqualified from receiving unemployment benefits. (Citation and punctuation omitted.) *Case*, supra at

4

126 (2). Thus, "'[f]ault' means more than mere failure to perform one's work duties."

(Citation and punctuation omitted.) Id.

> This is in keeping with the strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own. OCGA § 34–8–2. Disqualification is an exception to the statutory scheme for unemployment benefits and the employer must show by a preponderance of the evidence that disqualification is appropriate.

(Citations and punctuation omitted; emphasis in original.) *Barron v. Poythress*, 219 Ga. App. 775, 776 (466 SE2d 665) (1996). Although we are bound to apply the any evidence standard, "[w]hether there is fault assignable to [a] claimant, which is a legal requirement for disqualification, often requires a legal conclusion." (Citation omitted.) Id. at 777. An administrative decision is reversible if there is an error as listed in OCGA § 50-13-19 (h) (1) - (6).

Here, Toussaint testified that she did not believe Thomas's action was intentional. She testified that Thomas made "an honest mistake." She also testified that Thomas was a "great employee." Thomas testified that her actions were neither intentional nor a conscious neglect of her duties. She testified that during the incident in question, she followed and went beyond the standards the employer set for

5

cashiers. She acknowledged that she did everything she could to prevent the customers from leaving the store.

The evidence shows Thomas triggered Dollar General's automatic dismissal policy by mishandling funds of more than $24.99. On appeal, she argues that her violation of that policy resulted from an incident that was beyond her control despite her best efforts, rather than from any conscious neglect or intentional acts. Thus, she argues, her disqualification was not justified under OCGA § 34-8-194 (2) (B) (i), (ii).

In a similar case, this Court reversed a superior court's affirmation of a Board decision affirming an administrative hearing officer's decision that disqualified a claimant for benefits. The claimant, a Kroger cashier, was terminated for having cash register shortages and overages in excess of $2.00. *Lamb v. Tanner*, 178 Ga. App. 740, 740 (344 SE2d 534) (1986). Although it was uncontroverted that the overages and shortages violated Kroger policy, this Court reversed the claimant's disqualification, finding that there was no evidence that the violations resulted from the claimant's conscious neglect rather than from mere inability to perform her duties. Id. at 741.

Thus, although the "any evidence" rule applies to findings of fact by the administrative tribunal, there is no evidence contrary to Thomas's contention that she

6

neither intentionally mishandled the funds nor consciously disregarded her duties such that the mishandling resulted. Dollar General, through Toussaint, expressly denied that Thomas acted intentionally. There is no evidence that, given the circumstances, Thomas was capable of complying with Dollar General's policy under the circumstances. Nor is there evidence contrary to Thomas's contention that the that the mishandling of funds occurred despite her best efforts on the job. *Lamb*, supra; *Daniel*, supra.

2. Thomas also argues that the Superior Court erred in affirming the Board's decision based on the "totality of the circumstances."

The administrative hearing officer determined that Thomas was "substantially at fault" given the "totality of the circumstances." These circumstances, according to the administrative decision, included not only the subject incident but also prior incidents about which Thomas "was adequately warned her job was in jeopardy due to her mishandling of company funds."

However, at the hearing at issue here, Toussaint testified that the *sole reason* for Thomas's termination was the May 3, 2013, incident, and that "[n]othing in the past had anything to do with that day at all."

7

Thus, Thomas argues, the Superior Court erred in its affirmation of the Board, given that the Board attributed fault to Thomas for prior incidents not at issue in the instant case. Thomas is correct. Because it is uncontroverted that Thomas's termination was not based on those prior infractions and where, as we determined in Division 1, Thomas was not at fault in the incident that did trigger termination, the Superior Court erred in affirming her disqualification for benefits. See *Glover v. Scott*, 210 Ga. App. 25, 25 (435 SE2d 250) (1993) (where employee was warned about prior attendance issues but it was undisputed that she was terminated for the last absence only – an absence which was protected by law – the trial court's finding that the employee was terminated in part for prior attendance problems was unsupported by any evidence).

As a result, because the evidence does not support the Board's findings, we reverse the superior court with direction that the case be remanded to the Board for a decision consistent with this opinion. *Lamb*, supra; *Daniel*, supra.

*Judgment reversed. Andrews, P. J., and Barnes, P. J., concur*.