**FIRST DIVISION**
**BARNES P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 16, 2023

# In the Court of Appeals of Georgia

A23A0472. HARRIS v. BUTLER et al.

DOYLE, Presiding Judge.

In this discretionary appeal, Shatoya Harris appeals from an order entered by the Superior Court of Fulton County affirming the final administrative decision of the Board of Review ("Board") of the Department of Labor ("Department"). The Board affirmed a decision of the administrative hearing officer ("AHO") that Harris had not shown good cause to reopen the administrative hearing on her claim for unemployment benefits. We conclude that the AHO erred in analyzing the motion to reopen, and we therefore vacate and remand for further proceedings as more fully set forth below.

On appeal from a superior court ruling in an administrative action, "our duty is not to review whether the record supports the superior court's decision but whether

the record supports the final decision of the administrative agency."[1] We must uphold the agency's findings of fact if they are supported by "any evidence," and we evaluate de novo the conclusions of law based upon those factual findings.[2]

In the employment context, we are mindful of the General Assembly's declaration that "economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state."[3] We thus "liberally construe the provisions of the unemployment statutes in favor of the employee" and narrowly construe "statutory exceptions and exemptions that are contrary to the expressed intention of the law[.]"[4]

So viewed, the record shows that Harris worked for Domino's Pizza for several months in early 2020. After she stopped working there, she filed a claim for unemployment benefits, and the claims examiner determined that she was entitled to benefits. Appellee, Cowabunga d/b/a Domino's Pizza (hereinafter "the employer"),

---

[1] (Citation and punctuation omitted.) *Butler v. Butler*, 363 Ga. App. 280, 281 (870 SE2d 857) (2022).

[2] See id.

[3] OCGA § 34-8-2.

[4] (Citation and punctuation omitted.) *Butler*, 363 Ga. App. at 281.

appealed that initial decision, and the AHO scheduled a hearing on March 2, 2021 (the "initial hearing").

On March 1, Harris took her minor daughter to the hospital because she was experiencing seizures. Harris's daughter remained hospitalized for a week. Because Harris was in the hospital with her daughter, she did not attend the initial hearing at 8:15 a.m. on March 2. The AHO held the hearing as scheduled, then issued a decision, finding that Harris "quit her job" and was therefore not entitled to unemployment benefits. Thus, the AHO reversed the claims examiner's initial decision.

On March 9, 2021, Harris submitted a timely motion to reopen the AHO's hearing, and the Department scheduled a show cause hearing on Harris's motion to reopen for November 9, 2021. Although Harris contends that she notified both the Department and the Appeals Tribunal that she had moved, the Department sent notice of the show cause hearing to Harris's old address. Thus, when Harris answered a phone call from the Department on November 9, she was surprised to learn that the hearing on her motion to reopen was about to happen. She participated in the hearing but had not prepared in advance and did not have evidence ready to submit.

During the show cause hearing, Harris explained that she missed the March 2 hearing because she was in the hospital with her daughter. The AHO asked Harris why she did not tell the Department before the March 2 hearing that she needed to postpone the hearing. Harris answered that she had been focused on her daughter and that she contacted the Department as soon as possible.

The AHO also asked the parties about the facts underlying Harris's separation from employment. The employer's representative stated that, according to information "brought" to her, Harris had been terminated because she used inappropriate language when speaking to an HR representative. Harris, in turn, told the AHO that she was terminated because she refused to tell an HR representative the names of the employees who had stated that they felt they should get paid more for working during the COVID pandemic. She denied being irate or using inappropriate langauge during her conversation with the HR representative.

After the show cause hearing, the AHO issued a decision finding that Harris had not shown good cause to have the administrative hearing reopened. Both the Board and the superior court affirmed. We granted Harris's application for discretionary review.

4

1. Harris argues that the Department applied an improper legal standard in finding that she failed to show "good cause" to reopen her appeal.

Harris filed her motion to reopen the hearing under Ga. Comp. R. & Regs. r. 300-2-5-.02 (6), which provides:

> Requests to reopen a hearing. Any interested party, including the department, who fails to appear may request to reopen a hearing within fifteen (15) days after the administrative hearing officer's decision is issued. The petition shall state fully the ground upon which the request to reopen a hearing is sought, giving complete details for the failure to appear as scheduled. A new hearing will then be scheduled to cover the issue of the party's failure to appear as scheduled and may also include the issues raised on the initial appeal. In the absence of very unusual circumstances a business engagement will not constitute good cause to reopen a hearing. The petition to reopen a hearing may be granted upon a showing of providential cause for failure to attend or failure to give timely notice of inability to attend the original hearing.

Although we have no precedent interpreting "providential cause" in this context, the same phrase is used in OCGA § 9-11-55 (b), which identifies grounds on which a default may be opened. In that context, "[o]ur precedent indicates that providential cause generally encompasses events over which a party or his attorney

had no control, including the illness of a party or his lead counsel, the death of a party, the absence of counsel due to military service, and acts of God."[5]

In its decision, the AHO cited both Ga. Comp. R. & Regs. r. 300-2-5-.02 (6), which applies to motions to reopen, and Ga. Comp. R. & Regs. r. 300-2-5-.02 (5), which applies to motions to postpone a hearing. The AHO found that "[Harris's] daughter was in the hospital for one week[,]" that Harris "was aware of the day and time of the hearing and did not request a postponement due to her focusing on her child[,]" and that Harris did not provide medical documentation. The AHO found further that "it was within [Harris's] control and ability to participate in the original hearing [and that she had] not demonstrated good cause to have the hearing re-opened."

The AHO erred in analyzing Harris's motion to reopen, focusing on Harris's failure to inform the Department prior to the hearing that she needed to postpone it rather than on whether Harris had shown that the hearing should be reopened. The AHO cited both subsections (5) and (6) of Ga. Comp. R. & Regs. r. 300-2-5-.02, although Harris only sought to reopen the hearing under subsection (6). Under

---

[5] (Citations omitted.) *Bowen v. Savoy*, 308 Ga. 204, 207 (839 SE2d 546) (2020).

6

subsection (5), "[a] *postponement* of the hearing may be granted upon request showing providential cause will prevent the attendance of a party or essential witnesses. A request for postponement must be made at the earliest practical time and must be made in writing or by facsimile transmission."[6] Under subsection (6), however, a hearing may be *reopened* upon a showing of providential cause for failure to attend.

After the hearing on Harris's motion to reopen, the AHO issued a factual finding that Harris's daughter was in the hospital for a week and that Harris missed the original hearing because she was focusing on her child. There is evidence in the record to support this finding, and the record offers no evidence contrary to Harris's testimony that she contacted the Department as soon as she could after dealing with a "life and death situation."[7]

---

[6] (Emphasis supplied.) Ga. Comp. R. & Regs. r. 300-2-5-.02 (5).

[7] See *Lamb v. Tanner*, 178 Ga. App. 740, 741 (344 SE2d 534) (1986) (holding that the evidence did not support the Board's finding that a claimant was discharged for failure to perform her work duties; "[a]lthough the 'any evidence' rule applies to findings of fact by the administrative tribunal, the record offers no evidence contrary to [the claimant's] contention that the overages and shortages in her cash drawer occurred despite her best efforts on the job") (citation omitted)..

7

Notably, although the AHO pointed out that Harris had not provided documentation to support her assertion that her daughter was hospitalized, the AHO did not find that Harris's testimony regarding the hospitalization was not credible. Instead, the AHO based its decision to deny Harris's motion to reopen on Harris's failure to request a postponement before the March 2 hearing. This was erroneous.

Based on the AHO's own findings, the AHO erred in concluding that Harris failed to show providential cause to reopen the hearing.[8] To conclude otherwise would be inconsistent with Georgia's strong public policy "favoring payment of unemployment benefits to persons unemployed through no fault of their own."[9]

2. Harris also contends that the Department violated her due process rights by proceeding with the show cause hearing even though she had not received notice of the hearing and was thus not prepared to present evidence.

Because the AHO concluded that Harris had not shown "good cause" to reopen the hearing, the AHO did not rule on the question of whether Harris's testimony as to the tone of the conversation that led to her termination was more persuasive than

---

[8] See Ga. Comp. R. & Regs. r. 300-2-5-.02 (6); *Bowen*, 308 Ga. at 206-207.

[9] *Millen v. Caldwell*, 253 Ga. 112, 113 (317 SE2d 818) (1984) (citing OCGA § 34-8-2).

the employer's evidence. The AHO "affirmed" the March 2 decision, in which the AHO found that Harris was disqualified from benefits because she "quit" her job. The AHO did not address the discrepancy between the March 2 ruling and the testimony from both Harris and the employer's representative at the show cause hearing that Harris had been fired.[10]

Based on the AHO's limited decision and our holding in Division 1, we need not address Harris's due process argument. The case is remanded to the superior court with direction that the case be remanded to the Department for the purpose of determining whether Harris is entitled to unemployment benefits.[11]

*Judgment vacated and case remanded with direction. Barnes, P. J., and Land, J. concur.*

---

[10] See OCGA § 34-8-194 (1) (A), (2) (A).

[11] See Ga. Comp. R. & Regs. r. 300-2-5-.02 (6).

9